No. 24,038.

THE STATE OF KANSAS, *Appellee,* v. LUMAN E. MUNSON, *Appellant.*

SYLLABUS BY THE COURT.

1. IMPROVIDENT ISSUANCE OF WARRANT—*Waived by Giving Bond.* Improvident issuance of a warrant for arrest was waived by the voluntary giving of a bond for appearance.

2. LIQUOR LAW—*Charge of Unlawful Possession—Insufficient Evidence.* The defendant was given intoxicating liquor, to drink as much as he desired and return the remainder to the giver. *Held,* the liquor was not in possession of the recipient, within the meaning of the bone-dry law (Laws 1917, ch. 215, § 1).

Appeal from Thomas district court; CHARLES I. SPARKS, judge. Opinion filed May 6, 1922. Reversed.

*E. H. Benson,* of Colby, for the appellant.

*Richard J. Hopkins,* attorney-general, *Guido E. Smith,* county attorney, and *E. F. Beckner,* of Colby, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of the offense of having intoxicating liquor in his possession, and appeals.

The county attorney held an inquisition, at which testimony relating to commission of the offense was taken. The information was filed in the district court, was verified on information and belief only, and the testimony was not filed with the pleading. When arrested the defendant filed a motion to quash the warrant, and then gave bond for appearance. The defendant argues he should be discharged because the warrant was improvidently issued. In

order to furnish proper foundation for the warrant, the information should have been verified positively, or the testimony taken at the inquisition should have been filed with the information. However, when the defendant gave bond he was no longer held by virtue of the warrant. The warrant had no further function, and the motion to quash was no longer of consequence.

The bond was given voluntarily, the information was good as an information, and it was optional with the county attorney whether he would file with the information the testimony taken at the inquisition.

The statute under which the defendant was convicted reads as follows:

"It shall be unlawful for any person to keep or have in his possession, for personal use or otherwise, any intoxicating liquors, or permit another to have or keep or use intoxicating liquors on any premises owned or controlled by him or to give away or furnish intoxicating liquors to another, except druggists or registered pharmacists as hereinafter provided." (Laws 1917, ch. 215, § 1.)

The facts, and the court's view of the law, on which the conviction rests, were stated in the following instruction to the jury:

"6. You are instructed that if a person is handed intoxicating liquor, and it is understood at the time between the person who hands the same over and the receiver thereof, that the receiver may drink as much of the same as he desires, after which the remaining portion, if any is left, is to be returned to the person having it in his custody in the first instance, then the person so receiving it, under the facts and conditions heretofore stated, would have it in his possession during said time."

It will be observed the statute does not punish personal use of intoxicating liquor. Keeping or having in possession for personal use is made a crime, and permitting another to use, under stated circumstances, is made a crime; but drinking intoxicating liquor is not unlawful, by virtue of this statute, or indeed of any other statute, except that relating to public drinking on street and interurban cars and passenger trains. In order to aid in the enforcement of the liquor law, the purchaser of intoxicating liquor was not made a guilty participant in the sale (*The State v. Cullins*, 53 Kan. 100, 36 Pac. 56), and probably for the same reason the person who drinks intoxicating liquor kept by another is exempted from punishment.

The subject of what constitutes corporeal possession was discussed in the opinion in the case of *The State v. Metz*, 107 Kan. 593, 595, 193 Pac. 177. In this instance, possession may not be

attributed to the defendant, because an essential element of possession is lacking. The person having custody simply handed the liquor to the defendant, to take a drink. The liquor was accepted for that purpose only. The quantity appropriated, if any, was consumed by the act of appropriation, and the remainder, if any, was not held under any continuing claim to exclusive use.

The judgment of the district court is reversed, and the cause is remanded with direction to discharge the defendant.