The State v. Ollman.

No. 24,995.

THE STATE OF KANSAS, *Appellee,* v. GEORGE OLLMAN, *Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Unlawful Possession of Intoxicating Liquor.* The evidence examined and *held,* sufficient to sustain the verdict of guilty of the unlawful possession of intoxicating liquor.

2. SAME—*Nonprejudicial Statement in Instructions.* A slight misstatement of the law applicable to the case will not justify a reversal where the instructions as a whole clearly present to the jury the issues on trial.

Appeal from Ellsworth district court; DALLAS GROVER, judge. Opinion filed November 10, 1923. Affirmed.

*O. A. Wilson,* of Ellsworth, for the appellant.

*C. B. Griffith,* attorney-general, and *George D. Miner,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Defendant was tried to a jury, found guilty of the unlawful possession of intoxicating liquor and sentenced. He has appealed and complains that the evidence of his possession of the liquor was not sufficient to sustain the verdict. The officers, under the authority of a search warrant, searched his home and found two quarts of liquor, a jug, and several empty bottles. At the time of the search defendant was about four miles from his home working on a farm, where he was arrested by the officers who made the search. They informed him of the search and what had been found and he stated that he had it there and that he thought it permissible for a man to have liquor in his house for his own use or for medical purposes. The finding of the liquor on his premises and his admission that he had it there is sufficient to sustain the verdict.

Defendant further complains of the court's instructions to the jury. He had been charged in the information on five counts, but the first and fourth counts were dismissed by the state at the beginning of the trial. The second count charged unlawful possession, the third charged an unlawful sale, and the fifth charged that defendant unlawfully permitted others to keep and use intoxicating liquor on his premises. At the close of the state's evidence the court sustained a motion taking the fifth count from the jury, so the case went to the jury on the second and third counts only. This

was made clear to the jury in the first instruction. The material instructions pertaining to the second count are as follows:

"3. The jury are instructed that the statute under which the defendant is being prosecuted in this case, so far as applicable to the claimed facts in the case, reads as follows: 'It shall be unlawful for any person to keep, or to have in his possession, for personal use or otherwise, any intoxicating liquors, or permit another to have or keep or use intoxicating liquors on any premises owned or controlled by him, etc.'

"6. You are instructed that the word 'possession,' as used in the Statute given in Instruction No. 3, and as used in the information filed in the case means that the defendant had the control and disposition of the intoxicating liquor in question.

"7. The jury are further instructed that the mere fact that intoxicating liquor was found on the premises of the defendant, if you find such to be the fact, does not render the defendant guilty, unless you are satisfied from the evidence that the defendant himself placed the liquor there or knowingly permitted some other person or persons to place it there, or that the defendant had some right to or control over or ownership in the liquor, or that he claimed to have some right to, control over or ownership in the liquor.

"8. The jury are instructed that to warrant a conviction on the second count of the information, each fact necessary to establish the guilt of the defendant must be proved by competent evidence, and the facts and circumstances proved should not only be consistent with the guilt of the defendant, but inconsistent with any other reasonable hypothesis or conclusion than that of the guilt of the defendant.

"9. If you find and believe from the evidence beyond a reasonable doubt, that in the county of Ellsworth and State of Kansas, in the month of December, 1922, the defendant, Ollman, had in his possession intoxicating liquor as charged in the second count of the information, according to the definition of the word 'possession' as given in Instruction No. 6, then it will be your duty to find the defendant guilty as charged in the second count of the information; but if you do not so find, then it will be your duty to acquit the defendant on that count."

Appellant complains of the last clause in the third instruction, but that only purports to be a quotation from the statute and could not be misleading. He complains also of that part of instruction No. 7 which says, "or knowingly permitted some other person to place it there, or." It is argued that the fifth count in the information which charged defendant with permitting other persons to have, keep or use intoxicating liquors on his premises, having been taken from the jury for lack of evidence, there was nothing before the jury for this part of the instruction to properly apply. The instruction would have been more appropriate had this clause been omitted, or had the last "or" read "and," but this instruction as well as the eighth, is rather a statement of general principles of law

and as such they are correct. The ninth instruction is the one that tells the jury what they must find in order to find the defendant guilty under the second count. It refers to the sixth and that to the third and together they form a clear and consistent statement. We think it not possible for the jury to have been misled by the slightly inaccurate working of the seventh instruction.

Finding no material error in the case, the judgment of the court below is affirmed.