State v. Bozick.

---

No. 26,588.

The State of Kansas, *Appellee,* v. Teresa Bozick, *Appellant.*

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Unlawful Possession—Instructions—Meaning of Possession.* Defendant was charged with keeping and having intoxicating liquor in her possession. The court instructed the jury that possession means "some right, power or control over the corporeal thing." *Held,* the definition of possession was inadequate.

2. SAME—*Permitting Possession by Another as Possession of Defendant.* The court instructed the jury defendant should be convicted if she permitted another to have or keep or use intoxicating liquor on premises which she owned or controlled. *Held,* the instruction was erroneous.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed February 12, 1927. Reversed.

*A. B. Keller* and *George R. Malcolm,* both of Pittsburg, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Ray R. Preyer,* county attorney, for the appellee.

Intoxicating Liquors, 33 C. J. p. 585 n. 95, 97.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of having intoxicating liquor in her possession, and appeals.

The action was instituted before a justice of the peace. The information contained five counts. The first and second counts charged that defendant did unlawfully "keep and have in her possession" intoxicating liquor. The third count charged a sale. The fourth count charged defendant unlawfully permitted another person, specified as John Doe, to have, keep and use intoxicating liquor on premises owned and controlled by defendant. The fifth count charged defendant with maintaining a nuisance. Defendant was found guilty on counts one and five only. She appealed, and in the district court the fifth count was dismissed. The verdict was, "Guilty as charged in count one" of the information. The statute reads as follows:

"It shall be unlawful for any person to directly or indirectly manufacture, sell, barter, or give away, furnish or keep or have in his possession for personal use or otherwise any spirituous, malt, vinous, fermented or other intoxicating liquors, or permit another to have or keep or use any such liquors on any premises owned or controlled by him, . . ." (R. S. 21-2101.)

Under this statute, the conduct of the person charged with having liquor in his possession, and his conduct in permitting another to have liquor on his premises, constitute distinct offenses, whether committed directly or indirectly. Under the first, the possession is the personal possession of the one charged. Under the second, the possession is the possession of another, and the gravamen of the offense is permitting premises to be used by some one else for unlawful purposes.

Defendant owned a house in Frontenac, the basement of which was divided into two rooms. One was the furnace room, and the other was a cellar. The furnace room had no outside opening, and the cellar was accessible from the outside only. The furnace room being too warm for the purpose, defendant kept vegetables, provisions, and canned fruit which she put up herself, in the cellar. The cellar was under the kitchen; defendant had occasion to visit the cellar every day, and there was no lock on the door. The canned fruit was stored on two shelves in the south part of the cellar. The house was a good house of thirteen rooms, in a good neighborhood, and defendant had occupied it for twenty-nine years. She had three

sons and two daughters at home, and she kept seven boarders who roomed in the house. The boarders had access to the cellar. They were all coal miners except one, who was a shoemaker. One of the miners was Charles Smardy. He had been at the house about two weeks previous to March 2, 1925, and was out of work. He had some fishing tackle which he kept in the cellar, and on occasions . defendant saw him in the cellar. During the day he would be at the house part of the time and away part of the time, but he brought home no fish.

On the evening of March 2, 1925, just after the boarders had eaten supper, two officers appeared, and told defendant they had a warrant and desired to search her house. Defendant made no objection, and in the course of a thorough search the officers found five quarts of whisky hidden behind the fruit jars in the cellar. In a room upstairs, one of the officers·found an empty quart bottle which had contained wine which the occupant of the room had just. finished drinking. The next morning defendant catechised her boarders, and each one denied knowledge of the liquor. The next day Smardy left without paying for his board and room, and has not since been seen about Frontenac.

The court instructed the jury that possession means "some right, power or control over the corporeal thing or article," and that defendant could not be held responsible for liquor placed in her house by others surreptitiously or without her knowledge or consent. The court also gave the jury the following instruction:

"You are instructed that if you find from the evidence, beyond a reasonable doubt, that in this county and state, and on or about the 2d day of March, 1925, the defendant, Teresa Bozick, did unlawfully keep and have in her possession, or did permit another to have or keep or use intoxicating liquors on any premises owned or controlled by her, then you should find the defendant guilty as charged in count one of the amended complaint. . . ."

The instructions were inadequate and erroneous. The word "some," in the instruction given, specified nothing respecting the nature of the "right, power or control" essential to possession, the elements of which this court took pains to set out in the case of *State v. Metz*, 107 Kan. 593, 595, 193 Pac. 177. If the boarder who drank the wine had called to defendant as she went about her work, had held the bottle before her, had told her it contained intoxicating liquor and he was going upstairs to his room to drink it and she had permitted him to do so, she would not have been guilty of hav-

ing the liquor in her possession. If defendant knew Smardy was a bootlegger, and was hiding his whisky somewhere behind the fruit jars in her cellar, those facts alone would not make her guilty of possession of the liquor. In both instances she would be subject to the charge contained in the fourth count of the information. She was, however, acquitted on that count in the trial before the justice of the peace, and she was tried in the district court on the possession count only. The portion of the instruction which informed the jury they should find her guilty if she permitted another to have or keep or use intoxicating liquor on her premises was contrary to law, and under the evidence which has been recited may have been very prejudicial.

The judgment of the district court is reversed, and the cause is remanded for a new trial.