No. 26,589.

THE STATE OF KANSAS, *Appellee*, v. MIKE GENDUSA, *Appellant*.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS — *Unlawful Possession — Evidence — Testimony that Complaints Made to Deputy Constable.* In a prosecution under the prohibitory law the admission of testimony that complaints had been made to deputy constables of the defendant's home with reference to the violation of that law is held to have been erroneous and prejudicial.

2. WITNESSES — *Cross-examination — Developing Ulterior Financial Motive.* Where in a prosecution under the prohibitory law the evidence against the defendant was given by five deputy constables who conducted a raid upon his home, the refusal to permit cross-examination of them intended to develop an ulterior financial motive on their part is held to have been materially erroneous.

3. INTOXICATING LIQUORS—*Unlawful Possession—Instruction—Extent of Proof.* In a prosecution on a charge of having possession of intoxicating liquor an erroneous instruction that in order to secure a conviction the state was only required to prove that such liquor was found on the defendant's premises is held not to have been cured by a statement in another sentence that to convict it was necessary for the state to show that intoxicating liquor was found on the premises and that the defendant knew it was there and that it was had or kept there by him.

4. SAME—*Trial Generally.* Other trial rulings are held not prejudicially erroneous.

Contempt, 13 C. J. p. 105 n. 36. Intoxicating Liquors, 33 C. J. pp. 755 n. 43, 791 n. 47. Trial, 38 Cyc. p. 1782 n. 82. Witnesses, 40 Cyc. p. 2671 n. 88.

State v. Gendusa.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed February 12, 1927. Reversed.

*John P. Curran, A. B. Keller* and *George R. Malcolm,* all of Pittsburg, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Ray R. Preyer,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Mike Gendusa appeals from a conviction on a charge of having intoxicating liquor in his possession. The case went to the jury upon the count on which this conviction was had and also upon a count charging the maintenance of a liquor nuisance, on which there was an acquittal.

There was evidence tending to show these facts: Five deputy constables raided the defendant's home. They found a half barrel of wine covered with hay in the barn, one bottle partly filled with whisky lying between the house and a bench, and another in a tool shed some 50 or 75 feet from the house. The defendant's wife was seen to pour some whisky out of a bottle as the raiders entered.

The defendant and his wife insisted there was no whisky on the place, but explained the contents of the barrel by saying it contained what was called "sour," produced from grapes and used for making cheese. They presented the theory that the deputy constables had planted the whisky bottles.

1. Two of the deputy constables were permitted over objection to testify that complaints had been made to them of the defendant's home with reference to the violation of the prohibitory law. Error is assigned because of this ruling. In a prosecution under the nuisance clause, where evidence has been given that the place in question was in fact one where the prohibitory law was violated, testimony may be properly admitted showing it was generally reputed to be such, as tending to show the owner must have known of the fact. (*State v. Brooks,* 74 Kan. 175, 85 Pac. 1013.) But the fact of complaints having been made to officers does not establish general reputation, and is not equivalent to it, and is not admissible in evidence. (See *State v. Adler,* 119 Kan. 757, 241 Pac. 119.) As in the case just cited, the evidence doubtless was intended to apply to the nuisance count, but the jury not having been so advised, may have based the conviction on the possession count partly upon it. There,

however, similar evidence had already gone in without objection and the fact that some one- was keeping intoxicating liquor at the place in question for sale, and that sixty-five gallons of whisky was found there, were definitely established, the controversy being whether it was in the possession of the defendants or of some one else. Here the defendant contended that the liquid in the barrel was not intoxicating and that the whisky was brought in by the officers. It is not clear that no prejudice resulted from the incompetent evidence.

2. Counsel for the defendant, on cross-examination of each of the five deputy constables, evidently in the hope of eliciting answers tending to impeach their veracity by showing a financial motive for giving false testimony, asked a number of questions such as the following, to all of which objections were sustained:

"Have you received any fees for raids on these liquor cases other than the regular fees allowed to the deputy constable?"

"Have you been paid any money from any other source other than through the court for making these raids?"

"I will ask you if it isn't a fact that you and those four men who were with you have made a practice of charging illegal fees on the returns of these warrants?"

"Did you get any money outside of your commission you got on this Gendusa raid?"

"I wish you would tell the jury how you figure you are entitled to $16.85 for making that raid." [That being the amount entered in a notebook produced by the witness.]

"What is your motive, or purpose, or reason, for being a deputy constable and making these raids?"

"I will ask you whether or not you expect to get any money for making this raid?"

A full opportunity for cross-examination of these witnesses was permitted with respect to the details of what took place during the raid, but the defendant was practically denied all right of cross-examination having for its purpose the developing of an ulterior and sinister purpose on their part. That was a field which the defendant's counsel were entitled to canvass to a reasonable extent and it was not within the discretion of the court to exclude it entirely. The situation was not one in which it was essential for the defendant to show what answers would have been made to the questions ruled out. (See *Leavens v. Hoover,* 93 Kan. 661, 145 Pac. 877.)

3. Complaint is made of the giving of the following instruction, the word "preponderance" having a line run through it:

State v. Gendusa.

"You are instructed that in order to secure a conviction under count one of the information filed herein, the state would only be required to prove that intoxicating liquors were found on defendant's premises on or about March 15, 1925, or that defendant had or kept in his possession intoxicating liquors on or about the 15th of March, 1925. And you are instructed that if you find intoxicating liquor was found on his premises by the officers who made the search on or about the 15th day of March, 1925, and further find that the defendant knew such liquor was there and that such liquor was had or kept there by defendant, then you should find the defendant guilty under count one of the information filed herein. But if you do not so find and are not so satisfied from a [preponderance] of the evidence herein, then you should acquit the defendant under count one."

The explicit statement that "in order to secure a conviction under count one of the information . . . the state would only be required to prove that intoxicating liquors were found on defendant's premises on or about March 15, 1925," is manifestly erroneous. In the second sentence this is repeated in effect, with the qualification that to convict there must also be a further finding that the defendant knew of the liquor and that it was had or kept there by him. But the second sentence does not in terms purport to limit the application of the first, and it is far from clear that the jury did not rely upon the original statement. The charge of course is to be read as a whole and a mere inaccuracy of expression in one part may be cured by a correct statement elsewhere, "where it appears from the whole of the instruction that the jury could not have been misled" (*State v. Killion,* 95 Kan. 371, syl. ¶ 6, 148 Pac. 643), or where "the instructions as a whole clearly present to the jury the issues on trial." (*State v. Ollman,* 114 Kan. 697, 219 Pac. 963.) Where a materially erroneous instruction is given it is not cured merely by a statement elsewhere made to the contrary. (*State v. Singleton,* 67 Kan. 803, 74 Pac. 243; 16 C. J. 1054.)

Apparently the word "preponderance" was crossed out with a purpose—inadvertently not carried out—to change the language so as to require the state's case to be proved beyond a reasonable doubt.

4. Complaint is made of the court's having fined the defendant for contempt for language used in answering a question while on the stand. The trial judge was in a better position than we are to determine whether the situation called for such action. The court also refused a requested instruction that "the juice from grapes is not presumed to be wine." The refusal was not a sufficient basis for reversal.

The judgment is reversed and a new trial directed.