No. 27,804.

THE STATE OF KANSAS, *Appellee*, v. FRANK VAN WINKLE, *Appellant*.

(263 Pac. 1042.)

#### SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Unlawful Possession—Evidence—Identity and Contents of Jug.* The evidence considered in an appeal from, a conviction of having intoxicating liquor in possession, where the identity of the jug and contents and the exclusive possession thereof are the questions in dispute, and held that there was sufficient evidence to support the verdict on both points.

Appeal from Norton district court; EDWARD E. KITE, judge. Opinion filed February 11, 1928. Affirmed.

*A. L. Drummond,* of Norton, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *J. F. Bennett,* county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant was arrested by the city marshal of Almena while driving a car in which there was a glass jug containing intoxicating liquor. He plead guilty in the police court to the charge of being drunk. He was later charged by the county attorney of Norton county with having intoxicating liquor in his possession on the occasion when he was arrested by the city marshal. He appeals from the verdict of the jury and judgment of the court finding him guilty.

Two points only are urged by the appellant as errors committed by the trial court: First, the admitting in evidence of the jug of liquor, because it is claimed the evidence was not sufficiently connected or clear to enable the jury to identify the jug introduced as the same jug the marshal claimed to have found in the car when the arrest was made; second, that the evidence did not show such possession of the jug as the law requires when more than one person was in the car at the time the jug was found.

Intoxicating Liquors, 33 C. J. p. 762 n. 57.

On the first point, it is true the jug in question passed through the hands of more persons than usual between the time of the arrest and the time of trial, and some of the witnesses in the chain of such connection modified their testimony by saying in effect it looked like the same jug, or it was the jug or one just like it. It passed through the hands of the city marshal, the deputy sheriff, the sheriff, the newly elected sheriff, and the chemist, and, after the courthouse burned it was stored in a vacant room in a bank building, with access thereto by the employees of the bank. The chain of possession was not broken or disconnected and the identification was as definite as reasonably possible under such circumstances. Even the defendant referred to the jug in the car when he was arrested as being "a jug similar to that one on the table." If the evidence should be considered insufficient to show a complete connection between and a positive identification of the jug found in the car and the jug introduced in evidence, it would be no more so than if it had been completely lost of destroyed, in which case the state might rely on the testimony of the witnesses who saw it at the time of the arrest.

The defendant admits the jug was in the car when he was arrested, that it contained liquid, that he drank several times from it, and that he pleaded guilty to being intoxicated when arrested. The marshal says he took possession of it in the car and took it to the office of the police judge. Other witnesses saw the jug in the car. We have no doubt about a jug of liquor being in the car at the time of the arrest or the identity of the jug introduced in evidence. The appellant claims the evidence does not show possession of the jug by him at the time of the arrest as such possession is defined in the case of *State v. Metz,* 107 Kan. 593, 596, 193 Pac. 177, which definition was followed by the trial court in the instructions given, about which instructions no complaint is made; and, further, that the rule established in the case of *State v. Munson,* 111 Kan. 318, 206 Pac. 794, holding that the drinking of liquor given to one for the purpose of drinking all he wants and to return the remainder was not such possession as was contemplated in the bone-dry law. He further insists that he was a guest on the trip of another who invited him to go with him, who stopped on the road and procured the jug hidden behind a Russian thistle, and who later requested defendant to drive the car. These facts alone, under the authorities above cited, would practically exonerate the defendant from having the kind of possession required, but there is other evidence on the subject which is earnestly disputed by the defendant. The jury may have discred-

State v. Van Winkle.

ited the denials of the defendant and believed the city marshal, and if they did the question of possession comes well within the rule of cases above cited and all the authorities on this subject. The city marshal testified that after he stopped the defendant and Purcell, who were in the car, and "was talking to Purcell, he heard something dripping, like gas or something, and the defendant had a glass jug and was pouring something on to the floor of the car;  .  .  . that he carried the jug in his hand over to the police judge, Mr. Hays; that he set the jug down in the office; that the defendant kept reaching for it and Mr. Hays told him to leave it alone, that he had had plenty; that the defendant kept reaching for it, and said, 'That's mine, I have the cork here in my pocket,' and pulled it out." Every feature of this testimony of the city marshal was specifically and stoutly denied by the defendant on the witness stand, and one item of it by the owner of the car, but the jury was entirely within its line of duty when it believed the story of the city marshal rather than that of the defendant, especially when it was not apparently unreasonable or absurd. Besides, the jury may have taken into consideration the ability of the defendant to correctly remember just what was said and done at and near the time when he pleaded guilty to the charge of being drunk. There is sufficient evidence here, if believed by the jury, to prove possession in the defendant under the strictest rules cited by the appellant, and there is no occasion for applying the rule of joint ownership or possession, as announced in the Wagoner case (*State v. Wagoner*, 123 Kan. 591, 594, 256 Pac. 957). It was apparently tried in the lower court upon the theory of complete possession by the defendant or no possession at all, and the jury under such instructions found the defendant had possession.

The judgment is affirmed.