No. 27,955.

THE STATE OF KANSAS, *Appellee,* v. MARY PODPECHON, *Appellant.*

(274 Pac. 197.)

Opinion filed February 9, 1929.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Mary Podpechon was convicted of the offenses of having unlawful possession of intoxicating liquor and of maintaining

a liquor nuisance. She complains of several prejudicial irregularities which occurred at her trial, some of which are noted below.

It appears that the husband of Mary, one Blas Podpechon, was a bootlegger who resided with his family in Crawford county on premises owned by him situated immediately west of the state line road between Kansas and Missouri. His family consisted of his wife Mary, the defendant herein, two sons 16 and 18 years old and a daughter of 15 years. After his premises had been repeatedly raided by deputy constables Blas Podpechon pleaded guilty to two counts charging violation of the prohibitory law, and was fined $200 and was incarcerated in jail for 60 days. Shortly thereafter, and while Blas Podpechon was in jail, the deputy constables again searched the premises and found nine quarts of "home brew" or "chock," but there was no evidence to connect defendant with their possession other than that as wife and mother she was naturally and legally the mistress of the premises while her husband was in jail.

In addition to nine quarts of "home brew" or "chock" found on the Podpechon premises, the deputy constables discovered three jugs partly filled with whisky concealed in a pasture field situated immediately across the state line road in the state of Missouri. The Podpechon family milch cow was kept in that pasture.

One of the errors assigned is based on the testimony which, over objection, was permitted to go to the jury concerning the discovery of the jugs of whisky found across the state line in Missouri. This point is well taken. Even if the possession of that whisky was vested in Mary it was not a breach of the penal laws of the state of Kansas. So, too, Mary's possession of the whisky in Missouri would constitute no element of the offense of maintaining a liquor nuisance in Kansas. If there had been any evidence that Mary was maintaining a liquor nuisance in Kansas, there might be some corroborative force in the fact that she had a convenient supply of intoxicating liquor for its maintenance at a place some 200 feet southeast of its location on other premises to which she had access, and the fact that such supply was in storage just across the state line. would not lessen its force or its competency.

Among other errors assigned by defendant is one based on the limitations placed by the court on defendant's right to cross-examine the deputy constables who testified against her. This case is a companion to those of *State v. Bozick,* 122 Kan. 517, 253 Pac. 554, and *State v. Gendusa,* 122 Kan. 520, 253 Pac. 598, where this court

was compelled to reverse judgments freighted with such error and also because of prejudicial error in the instructions. In this case the instructions contain the same error, but as that matter was fully treated in the Bozick and 'Gendusa cases, *supra*, they need not be again discussed. Another instruction, however, requires special comment. There was no evidence touching the intoxicating qualities of the "home brew" or "chock" found on the Podpechon premises, but the trial court gave the jury this instruction:

"5. Intoxicating liquor under our law is defined to be any spirituous, malt, vinous or fermented liquors, and this definition includes . . . chock beer, home brew."

Whisky, rum, gin, brandy and the like may properly be denounced as intoxicating without any evidence because it is a matter of common knowledge that such is the fact. But the conventional statement of the law concerning beer is that it is presumed to be intoxicating. As to "chock" or "chock beer," or "home brew," the law books are silent. Doubtless a lot of such stuff is intoxicating, but until those decoctions are somewhat better known the wise course for a trial court is to let their intoxicating character be determined by the jury in the light of the pertinent evidence.

There is also a complaint of the conduct of the prosecuting attorney which cannot justly be overlooked. In his argument to the jury he referred to the fact that the husband of the defendant, Blas Podpechon, did not testify in defendant's behalf. Defendant's objection to this line of argument was ignored, and he continued thus:

"Where is Blas Podpechon, the husband of this defendant—why did he not take the witness stand and testify in her behalf if the whisky belonged to him? That he did not take the witness stand and testify because the claim of the defendant was untrue, and that she herself was the owner and has possession of said whisky."

This was an improper line of argument to 'pursue, since nobody knew better than the prosecuting attorney why Mary's husband could not be on hand to testify in her behalf, however willing he might be to do so, for the simple reason that he was then in jail. Moreover, the whisky referred to was that which was concealed in the pasture on the east side, the Missouri side, of the state-line road.

Neither the present county attorney nor the attorney-general has seen fit to file a brief or make an argument to uphold the judgment in this case—an attitude that does not surprise us. And similarly it is too much to expect this court to do so.

The judgment of the district court is reversed and the cause remanded for disposition as suggested in *State v. William,* 106 Kan. 778, 781, 189 Pac. 906.