No. 28,787.

THE STATE OF KANSAS, *Appellant*, v. R. C. SMITH, *Appellee*.

(276 Pac. 80.)

Opinion filed April 6, 1929.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, *Charles H. Carpenter*, county attorney, and *Herbert Howland*, of Atwood, for the appellant.

*C. A. P. Falconer*, of Atwood, for the appellee.

The opinion of the court was delivered by

HOPKINS, J:  The question presented here is whether the statute against drunkenness is part of the prohibitory liquor law; whether conviction of a second offense of drunkenness constitutes a persistent violation of the prohibition law.  The question arises on a motion to quash the information.  The motion was sustained and the state appeals.

The statute against drunkenness, enacted in 1883, reads:

"If any person shall be drunk in any highway, street or in any public place or building, or if any person shall be drunk in his own house, or any private building or place, disturbing his family or others, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding twenty-five dollars or by imprisonment in the county jail for a period not exceeding thirty days." (R. S. 21-2128.)

The persistent violator statute reads:

"Any person who, having once been duly convicted of violations of the prohibitory law and who shall thereafter, directly or indirectly, violate the provisions of the prohibitory liquor law, shall be considered a persistent violator of the prohibitory liquor law and shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned in the state penitentiary at hard labor for not more than one year; and every violation, directly or indirectly, of any provision of the prohibitory liquor law, by a person who has heretofore been or shall hereafter be once convicted of any violation of the prohibitory liquor law, shall be considered a separate and distinct felony." (R. S. 21-2146.)

The information charged previous convictions of defendant of "being drunk and under the influence of intoxicating liquor at the residence of Henry Schmailzl in Rawlins county, . . . of having been drunk and under the influence of intoxicating liquor at the residence of Mrs. E. E. Andrews in the city of Atwood, Rawlins county."

The state contends that the crime of drunkenness is a violation of the prohibitory liquor law because the statute prohibiting drunkenness is intermingled with sections referring to that law.  We think not.  The arrangement by the early compilers of the statutes in question was probably for convenience and was followed by later compilers for the same reason.  The general prohibitory liquor law was enacted in 1881 while the drunkenness chapter (Laws of 1883, ch. 104) was enacted later, with no reference to the prohibitory liquor law violations.  The original law was enacted to put in force the constitutional prohibition against manufacture and sale of

intoxicating beverages. (Laws of 1881, ch. 128.) Section 19 of the act made it "unlawful for any person to get intoxicated," and provided a penalty for any person found in a state of intoxication. In *State v. Barrett,* 27 Kan. 213, section 19 was held unconstitutional for the reason that the title of the act was not sufficient to include the provision mentioned. In the opinion it was said:

"All that it (the act) seems to have had in contemplation was the prohibition of the manufacture and sale of intoxicating liquors in certain cases, and the regulation of the manufacture and sale of intoxicating liquor in certain other cases. With regard to what should be done with the liquors, independently of their manufacture and sale, it was silent. The title to the act does not, in the slightest or most remote degree, refer to the use of the liquor in the abstract. So far as the title of the act is concerned, after the liquor has been manufactured and sold, any person in the lawful and *bona fide* possession of it may use it as he sees fit; he may drink it, or burn it, or give it away, or he may use it in any other manner or for any other purpose to which his inclinations may lead him. The title to the act is wholly silent with reference to these matters. When the liquor is manufactured and sold, if manufactured and sold and purchased in good faith and according to law, the title to the act has then spent its force; it has then no further room for operation; its mission is then ended. When the sale is completed, it can have no further application to any transaction." (p. 219. See, also, *Harris v. Hardesty,* 111 Kan. 291, 207 Pac. 188.)

It has been held that personal use of intoxicating liquor and drinking the same is not a crime—except public drinking on street or interurban cars or passenger trains. (*State v. Munson,* 111 Kan. 318, 206 Pac. 749.) It was not intended by the legislature that merely because one drinks to the extent of becoming intoxicated he has violated the prohibitory liquor law, or that because one has become intoxicated several times he has become a persistent violator of the law and guilty of a felony.

The law against drunkenness is of ancient origin. It was an offense under the common law of England, when attended with circumstances making the offender a common nuisance. No changes or amendments have been made in the drunkenness statute since its enactment and there is nothing to indicate that it was intended to be one of the provisions of the prohibitory law. It was enacted long before many of the present provisions of the prohibitory law were placed in the statutes.

The judgment is affirmed.