No. 28,424.

THE STATE OF KANSAS, *Appellee*, v. MARY DENNING, *Appellant*.

(291 Pac. 751 )

Opinion filed October 11, 1930.

*J. N. Tincher, Don Shaffer, Rubert G. Martin, Mabel Jones Shaffer, F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellant.

*William A. Smith,* attorney-general, *Robert O. Mason,* assistant attorney-general, and *Oscar F. Perkins,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was charged with the possession of intoxicating liquor in violation of law, and that she had been previously convicted of a similar offense. She was tried, found guilty and has appealed. She complains of the exclusion of evidence offered in her behalf and of instructions given.

The record discloses that there is no controversy about the prior conviction. With respect to the charge of possession of intoxicating liquor, the evidence disclosed substantially the following facts: Defendant is a widow and for several years conducted a hotel at Elkhart. The city marshal caused a search warrant for her premises to be issued and, together with the sheriff and others deputized for that purpose, went to the hotel one evening about 8 o'clock and

searched it for intoxicating liquor. Appellant was not at home. In a bureau drawer in a small bedroom on the first floor—a room ordinarily occupied by appellant—the officers found a small bottle of whisky. They also found a pint bottle of whisky in a storeroom or shed at the rear of the premises. Before the officers left that evening appellant returned to the hotel. The officers told her what they had found. She denied any knowledge of the liquor. This storeroom contained some old barrels—one an apple barrel—kegs, tubs, bottles of various kinds, and was apparently but little used. It was open, or the door unlocked. The dresser in the bedroom was near a window. The drawer in which the officers found the whisky was about a foot and a half from the window. The lower sash of the window was raised and the screen had been cut.

Defendant's evidence was that she left the hotel about 7:30 o'clock that evening and went riding with some friends; that when she started riding she noticed she did not have her "keepsake" ring, and that she and two of the women who were going riding with her searched her room for her ring, and among other things, looked through all of the drawers of the dresser. All of them testified that there was no liquor in the dresser drawer at that time. She further offered evidence to the effect that there was ill feeling between the city marshal and herself, growing out of the fact that she had given some information to federal authorities which reflected on the city marshal; that there were fresh tracks in the sandy soil just outside of her bedroom window; that defendant and others examined those tracks after their return that evening, and that they showed the imprint of a rubber heel of a shoe, with the design of a star in it; that in talking with the officers that evening she accused the city marshal of having made those tracks and asked to see his shoe, which he showed to her, and that his shoe had practically a new rubber heel, with the design of a star in it. Defendant testified to some of these matters, but on a motion of the state the testimony was stricken out. Appellant complains of that ruling. It was erroneous. It tended to support the theory of the appellant that some one—perhaps the city marshal—had gone to her window from the outside, cut the screen, and put the bottle of whisky in the dresser drawer before the raid that evening. Other evidence tending to support that theory which appellant discusses in her brief was not testified to by anyone, nor was it offered on a motion for a new trial. (R. S. 60-3004.) Hence, it is not available on appeal.

Appellant complains of the instructions of the court with respect to possession of intoxicating liquor. . On this point the court instructed the jury as follows (we italicize the language complained of) :

"The term 'possession,' as used in the information in this case, and the law of this state, means that the defendant, either by herself or in association with others, had or was keeping the exhibits in question in this case, in, about or upon the premises controlled by her, *or that she knowingly permitted other persons to keep or have the same upon her premises,* and that she either by herself or in association with others exercised control thereof, to the exclusion of other persons with whom she was not associated in such possession. It is not necessary that the person charged with possession is the owner of the article in question, neither is it necessary that she have it upon her person."

And further:

". . . If you find . . . that the defendant did have and keep in her possession . . . whisky . . . *or if you find that the defendant knowingly permitted other persons to have and keep either whisky or intoxicating liquor in, about or upon the premises owned or controlled by her,* and further find that the defendant had at any time theretofore been convicted of violating the intoxicating liquor laws of the state of Kansas, then and in that event the defendant would be guilty as charged in the information, and you should so find by your verdict."

Appellant was charged simply with the possession of intoxicating liquor. By the instructions above quoted the court told the jury that if they found the defendant had possession of intoxicating liquor "or that she knowingly permitted other persons to keep or have the same upon her premises," she should be found guilty. It is pointed out in the case of *State v. Bozick*, 122 Kan. 517, 518, 253 Pac. 554, that under the statute (R. S. 21-2101)—

"The conduct of the person charged with having liquor in his possession, and his conduct in permitting another to have liquor on his premises, constitute distinct offenses. . . . Under the first, the possession is the personal possession of the one charged. Under the second, the possession is the possession of another, and the gravamen of the offense is permitting premises to be used by some one else for unlawful purposes."

See, also, *State v. Gendusa*, 122 Kan. 520, 253 Pac. 598; *State v. Podpechon*, 127 Kan. 471, 473, 274 Pac. 197; and *State v. Stuart*, 129 Kan. 588, 283 Pac. 630. Since in this case appellant was charged simply with unlawful possession of intoxicating liquor, the court by the instructions above quoted told the jury she could be found guilty of that offense or of another of which she was not charged. This is clearly erroneous and requires a reversal of the case. In *State v. Metz*, 107 Kan. 593, 596, 193 Pac. 177, the court outlines

the elements of possession of intoxicating liquor, in a manner appropriate for instructions.

The judgment of the court below is reversed, with directions to grant a new trial.