No. 30,145.

The State of Kansas, *Appellee,* v. Chester Davis, *Appellant.*

(300 Pac. 1114.)

Opinion filed July 3, 1931.

*Owen S. Samuel* and *Vernon J. Veron,* both of Emporia, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, and *Joe Rolston, Jr.,* county attorney, for the appellee.

The opinion of the court was delivered by

Sloan, J.: Defendant was convicted of unlawfully having intoxicating liquor in his possession, and found not guilty of maintaining a common nuisance. He appeals and contends that the evidence was insufficient to establish the fact of possession.

A warrant was placed in the hands of the undersheriff of Coffey county to search "the Elliott place" near Waverly. The undersheriff was accompanied by a deputy and the county attorney. They first went to a restaurant in Waverly occupied by Elliott. From there they went to the "Elliott place," and the defendant accompanied them. On the way out the defendant said: "When you get out there, don't scare the women, because they have nothing to do with this business." On reaching the premises they found Mrs. Davis and other women. It was testified that Mrs. Davis said, in the presence of the defendant, "They had to make a living some way," and the defendant made no response.

The premises were searched and the officers found nine cases of beer, thirty-five or forty gallons of beer in the making, two pieces of hose, one hundred empty bottles, bottle capper, an oil stove and other paraphernalia upstairs in a room which was locked with a padlock. The downstairs was searched and they found a bottle contain-

ing a small amount of whisky in one corner of the kitchen; also some empty bottles and a few bottles of beer in a commode or washstand in the kitchen.

A witness testified:

·"A. Well, the county attorney asked (defendant) 'Do I understand you to say you are willing to take the blame and leave the women folks out?'

"Q.·What did he say? A. Yes, if I can do that."

Another witness testified that he heard the defendant tell his wife: "Our rent won't be so damned cheap, after all."

The sheriff testified that he was acquainted with the defendant, and knew the place the defendant occupied; that the defendant said he lived at the place where the search was made, called it home and his folks were there.

O. T. Elliott testified on behalf of the defendant; assumed full responsibility for the existing condition and claimed that he was the owner of the beer and the paraphernalia used in connection therewith.

The appellant earnestly contends that the evidence under the authority of the *State v. Metz,* 107 Kan. 593, 193 Pac. 177, is insufficient to establish possession of intoxicating liquors. We hold otherwise. The evidence shows that the appellant was in possession of the premises, or at least a part of the house where intoxicating liquor was found. His statement to the officers amounted to recognition of criminal responsibility. A party may be a copossessor, or he may participate in the possession of intoxicating liquors, and under either circumstance he has violated the statute. (*State v. Wagoner,* 123 Kan. 591, 256 Pac. 957.) The evidence was substantial and sufficient to support the verdict of the jury. The fact that the appellant was found not guilty of maintaining a common nuisance and guilty of having intoxicating liquor in his possession is of no avail. (*State v. Brundige,* 114 Kan. 849, 220 Pac. 1039.)

It is also urged by the appellant that the court erred in admitting in evidence the statement made by Mrs. Davis in the presence of the appellant. This was not error. (*State v. Cruse,* 112 Kan. 486, 212 Pac. 81.)

There was no reversible error committed against the appellant, and the judgment is affirmed.