No. 30,289.

THE STATE OF KANSAS, *Appellee*, v. FRED COLSON, *Appellant*.

(4 P. 2d 414.)

Opinion filed November 7, 1931.

D. A. Hindman, of Stockton, for the appellant.

Roland Boynton, attorney-general, R. O. Mason, assistant attorney-general, and F. E. Young, county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this case defendant was charged with the possession of intoxicating liquor. He was convicted, and appeals.

Appellant was engaged in a card game with some friends in his place of business. Officers arrived for the purpose of arresting one of the friends. While they were making the arrest one of them saw a bottle of liquor in the lap of appellant. On being directed to do so, appellant handed the bottle to one of the officers. He claimed that the liquor did not belong to him, but was thrown into his lap by one of the friends when the officers came. He was tried and convicted of having intoxicating liquor in his possession.

At the trial the court gave the following instruction:

"By the term 'possession of intoxicating liquor,' as used in these instructions, is meant the control and right to dispose of intoxicating liquor."

After the jury had been out some hours the foreman indicated that they were unable to agree. A further instruction on the question of possession was requested. The court then gave the following additional instruction:

"Possession of intoxicating liquor does not necessarily involve ownership of such liquor. The elements of possession are as stated in instruction No. 3, control and right or authority to dispose of intoxicating liquor. The matter of ownership of intoxicating liquor is competent and proper for your consideration for the purpose of aiding you in deciding whether or not the defendant had in his possession intoxicating liquor as charged in the information."

The giving of these two instructions is the error for which appellant urges the judgment of the trial court should be reversed.

We have concluded that the instructions, as given, omitted a necessary element. That is the element spoken of in *State v. Metz*, 107 Kan. 593, 596, 193 Pac. 177, as "the mental attitude of the claimant, the intent to possess, to appropriate to oneself." This element, together with "the effective realization of this attitude," was held in that case to constitute possession. The mental attitude was omitted entirely in the instructions complained of. Under that instruction one could be convicted of having liquor in his possession when a bottle of it had been slipped surreptitiously into his pocket or suit case, when he did not know anything about it and had no mental attitude toward it at all. The definition of possession, as used in the intoxicating liquor statute, has been discussed in *State v. Metz*, supra; in *State v. Bozick*, 122 Kan. 517, 253 Pac. 554; *State v. Denning*, 131 Kan. 313, 291 Pac. 751; *State v. Munson*, 111 Kan. 318, 206 Pac. 749. In every one of these cases, and others which will not be set out here, this court has constantly held and pointed out that there must be two elements to constitute possession; that is, the mental attitude and the effective realization of the mental attitude. There were other errors complained of in the brief of appellant, but they are not deemed serious enough to merit attention.

The judgment of the trial court is reversed with directions to grant appellant a new trial.