Commonwealth *v.* Benson et ux., Appellants.

Argued March 15, 1932.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and STADTFELD, JJ. No. 80, Oct.
T., 1932, Reversed. No. 81, Oct. T., 1932, ▮▮▮▮▮

*W. G. Schrier* of *Schrier & Vallilee,* for appellants.

*Wm. M. Rosenfield,* District Attorney, for appellee.

OPINION BY KELLER, J., May 4, 1932:
The appellants were indicted for possessing and sell-
ing intoxicating liquors for beverage purposes. They
were acquitted of selling, but convicted of possessing.
There was ample evidence to sustain both convictions;

but the judgment against the husband must be reversed because of an error in the charge of the court, which affected him alone. It did not apply to the evidence connecting the wife with the possession of liquors, and could not have harmed her.

Evidence was produced, inter alia, that Mr. Benson had taken a drink of liquor at a ball game at Cowley, but it was testified that the bottle was handed to him by an acquaintance to whom it belonged, and that he had it only long enough to take a drink. On this point the court charged the jury as follows: "If the defendant, Benson, [that is, the husband, the wife was not present] had liquor there at the ball game and had it in his possession long enough to take a drink, though he did not take [i. e. bring] it there, if he had it in his possession and while in his possession took a drink of it, that would be technically a violation of the law, by having it in his possession for beverage purposes." We think, in the circumstances referred to, this was too strict a construction of the law. The possession forbidden by the Act of March 27, 1923, P. L. 34, must be more than the momentary handling incident to taking a drink.

The main purpose of the Eighteenth Amendment and the laws enacted to enforce it was the suppression of the *traffic* in intoxicating liquor as a beverage: U. S. v. Katz, 271 U. S. 354, 357. The Act of 1923, supra, does not forbid the *purchase* of intoxicating liquors for beverage purposes or the drinking of such liquors. The federal enforcement law, the Volstead Act, in section 6 (41 Stat. at L. 310, chap. 85, U. S. Code title 27, sec. 16), does provide that "no one shall manufacture, sell, *purchase,* transport or prescribe any liquor without first obtaining a permit from the commissioner so to do," etc., but the Supreme Court of the United States held in U. S. v. Farrar, 281 U. S. 624, that this provision did not apply to the ordinary

purchaser of intoxicating liquors for beverage purposes.

The purchaser of intoxicating liquor, and one who drinks such liquor furnished by another, were probably not made guilty participants in the sale or possession, in order to aid in the practical enforcement of the liquor law: State v. Munson, 111 Kan. 318, 206 Pac. 749.

If the construction placed by the court below on the act were upheld, no enforcement agent could drink a glass of intoxicating liquor, in connection with a purchase for purposes of prosecution, without himself violating the law and becoming amenable to prosecution.

So, also, the Act of 1923, supra, section 4, provides that it shall not be unlawful ''to possess intoxicating liquor for beverage purposes in one's bona fide private dwelling, while the same is occupied and used by him as his dwelling only, provided such liquor was lawfully acquired prior to the passage of this act, and is for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein, which entertainment shall not be deemed an unlawful furnishing.'' Nothing was specially said as to the lawfulness of the use of such liquor by the guest of the owner, it apparently being taken for granted that it was not unlawful; yet if the position taken by the lower court should be sustained, it would amount to an unlawful possession, for as to such guest it would certainly be acquired, and come into his 'possession,' if such it could be called, after the passage of the Act of 1923. The legislature had the constitutional power to declare that continued possession of liquor lawfully acquired should become unlawful after a certain date: Samuels v. McCurdy, 267 U. S. 188; but did not do so. We are of opinion that the Act of 1923 should be liberally construed for the effectuation of the main

purpose of its enactment, the suppression of the traffic in intoxicating liquors for beverage purposes, but that it should not be extended beyond its plain import so as to cover a situation which was not contemplated by its framers.

Our view of the matter is in accord with decisions of the courts, inter alia, in Missouri (State v. Jenkins, 14 S. W. (2d) 624, 626.; Washington (State v. Jones, 114 Wash. 104, 194 Pac. 585, 587); Oregon (State v. Williams, 243 Pac. 563, 564); Michigan (People v. Ninehouse, 227 Mich. 480, 198 N. W. 973, 975, 976); Kansas (State v. Munson, supra); Mississippi (Brazeale v. State, 133 Miss. 171, 97 So. 525); Kentucky (Sizemore v. Com., 202 Ky. 273, 259 S. W. 337; Brooks v. Com., 268 S. W. 339; Skidmore v. Com., 204 Ky. 337, 264 S. W. 1053); and the Federal Courts (Colbaugh v. U. S., 15 Fed. (2d) 929, 931, C. C. A. 8th Circuit); though it seems to be opposed to the decisions in the State of North Carolina (State v. McAllister, 121 S. E. 739); but in that state the prevention of the *use* of intoxicating liquor as a beverage is declared in the statute to be the purpose of the enforcement act.

In the appeal of Harvey Benson, No. 81, October Term, 1932, the judgment is reversed and a new trial awarded.

In the appeal of Cora Belle Benson, No. 80, October Term, 1932, the judgment is affirmed.