No. 30,474.

THE STATE OF KANSAS, *Appellee,* v. FRED DUNNING, *Appellant.*

(12 P. 2d 809.)

Opinion filed July 9, 1932.

*J. H. Jenson,* of Oakley, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, and *J. S. Parker,* of Hill City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this case appeals from a conviction and sentence for the unlawful possession of intoxicating

liquor. He assigns as error the giving of the following instruction as the definition of possession:

"The term 'possession,' as used in these instructions, means the control, and right to dispose of, alcoholic liquor."

This is substantially the same instruction that was given and recently held to be insufficient in the case of *State v. Colson*, 134 Kan. 147, 4 P. 2d 414. It entirely lacks the element of mental attitude which has frequently been held to be vitally essential, and that the external physical facts are not sufficient in themselves to constitute the possession necessary to make it a crime. In the case of *State v. Metz*, 107 Kan. 593, 193 Pac. 177, it was said—

"The elements of this possession are, first, the mental attitude of the claimant, the intent to possess, to appropriate to oneself; and second, the effective realization of this attitude. . . . All the authorities agree that an intent to exclude others must coexist with the external facts, and must be fulfilled in the external physical facts, in order to constitute possession." (p. 596.)

The same rule was followed in *State v. Bozick*, 122 Kan. 517, 253 Pac. 554; *State v. Gendusa*, 122 Kan. 520, 253 Pac. 598, and *State v. Stuart*, 129 Kan. 588, 283 Pac. 630.

Appellee recognizes this omission as serious and such as to usually constitute reversible error, but urges that because the element of mental attitude was not denied and was uncontradicted in this case, that there was no requirement or necessity for including it in the instructions. None of the evidence of the state was denied or contradicted by evidence of or for the defendant. He introduced no evidence whatever, but he went to trial before a jury on a plea of not guilty, which denied and contradicted everything necessary to constitute the crime with which he was charged. It could just as well be claimed that the external physical fact of possession was not denied or contradicted. It was not as far as the introduction of evidence went. Would it be claimed that in the trial of one charged with murder in the first degree, that the court might safely and properly omit from the instructions defining that offense the element of willful, deliberate and premeditated killing, because no witness was placed on the stand by the defendant? The defendant by his plea of not guilty is presumed to be innocent, not only of the crime charged, but of each and every element thereof until it is established by competent evidence beyond a reasonable doubt.

"The instructions must contain a definition or explanation of the crime charged, in precise and accurate language, setting forth the essential elements

thereof. An instruction is erroneous which assumes to state all the elements of the crime, but omits one or more of them." (16 C. J. 968.)

"In charging a jury in a criminal case it is the duty of the judge to define the offense charged, stating to the jury the essential elements of the crime, either in the language of the statute or in appropriate and accurate words of his own." (*State v. Lynch,* 86 Kan. 528, syl. ¶ 1, 121 Pac. 351.)

Appellee calls our attention to the fact that in all the Kansas cases cited by appellant on the question of it being error to omit from the instruction defining the term possession of intoxicating liquor the element of mental attitude, there was evidence offered by the defendant tending to show that the liquor in question belonged to another or was only in the temporary possession of the defendant, placed there without his knowledge or consent, and argues therefrom that this particular element became vital in those cases because of the contradiction by the defendant or conflict in the evidence, and cites *State v. Herold,* 9 Kan. 194, and *State v. Cochran,* 122 Kan. 182, 250 Pac. 1071, in support of this reasoning. The latter was a liquor case for unlawful possession, where the appellant complained of the omission from the instructions of reference to the excepted lawful purposes, but it was held that under R. S. 21-2121 such excepted purposes were matters of defense, and as defendant had not offered any evidence thereon that element was not an issue in the case, and the omission was proper. As to the Herold case, *supra,* the appellee directs our attention to the fact stated in the opinion that in defining criminal trespass the trial court omitted to state that the act must be done without authority from the owner or without right on the part of the defendant, and that the court held under the circumstances of the case it was not error, saying—

"There is nothing in the record that shows that there was any controversy upon this subject. There is nothing to show that the defendant made any claim, or pretense even, that he had a right to cut timber, etc., on government land. And where a party brings a case to the supreme court, and fails to bring any of the evidence that was introduced on the trial below, it must be presumed that the evidence was all against him, and that it sufficiently proved all the facts found against him." (p. 200.)

The appellant was there seeking to get a reversal of the verdict and judgment because of an instruction, which was apparently erroneous, without bringing up the evidence which might have shown the instruction to have been proper. The records in this court show that the defendant in that case did offer and introduce evidence in defense, although the opinion does not so state. On this subject it is said in 16 C. J. 950 that—

"As a general rule, an instruction is not erroneous, as invading the province of the jury, because it assumes the existence of facts which are admitted by the parties, especially by accused, which are agreed upon by counsel, which are established clearly by uncontradicted evidence; or which are established clearly and conclusively by the evidence beyond a reasonable doubt."

From the record in this case it would be difficult, we think, for the trial court to have concluded that the element of mental attitude had been established clearly and conclusively by the evidence beyond a reasonable doubt, since it is in the record that after the jury had deliberated for more than a day upon this uncontradicted evidence furnished by the state, it was called in by the court and given an additional instruction. We think it would be a dangerous precedent to regard the evidence of the state as to any essential element of a crime as being uncontradicted and therefore not further in issue when the defendant fails under a plea of not guilty to introduce any evidence whatever.

The instruction as given was incomplete and necessarily requires a reversal and new trial, and no good purpose will be served in considering the other assignments of error.

The judgment is reversed and the cause is remanded with directions to set aside the sentence and grant a new trial.

Dawson, J., not sitting.