No. 33,538

THE STATE OF KANSAS, *Appellee*, v. ROBERT L. STEPHENS, *Appellant*.

(72 P. 2d 975)

Opinion filed November 6, 1937.

*Tom Harley* and *Tom Harley, Jr.*, both of Wichita, for the appellant.

*Clarence V. Beck*, attorney general, *C. Glenn Morris*, assistant attorney general, *Eli Eubanks*, county attorney, and *O. W. Helsel*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a criminal action in which defendant was charged with and convicted of having intoxicating liquor in his possession. On appeal he contends the trial court erred in refusing to grant a continuance and that the evidence did not establish the charge of possession.

Concerning the first alleged error defendant contends the county attorney had agreed to a continuance and that the county attorney and not the district court is vested with authority to control continuances in criminal cases. On the record before us the question is not whether the trial court or the county attorney has authority to control continuances in criminal cases, but rather whether the trial court erred in refusing to grant a continuance. The answer requires a review of the record. On argument of the motion for a new trial counsel for defendant stated the county attorney had agreed to a continuance. The state insists no such promise was mentioned by counsel for defendant on the day of trial and that such promise was first mentioned in the argument of the motion for a new trial. The county attorney was not present at the time of the argument of the motion for a new trial nor at the trial of the action. The deputy county attorney tried the case and also represented the state on the motion for a new trial. This is a court of review and we are, of course, obliged to review the case on the basis of the record. The record before us does not disclose that counsel for defendant advised the trial court, prior to trial, of an agreement with the county attorney. The record simply discloses that on the morning before the trial the deputy county attorney advised counsel for defendant that he would not object to a continuance and that this statement was made at a time when the state's witnesses had not yet arrived. Later they did arrive. Counsel for defendant agreed, before the trial, this was the only statement the deputy county attorney had made. At about nine o'clock of that morning, counsel for defendant made only an oral application for a continuance. A continuance in criminal cases is granted for like causes and under like circumstances as in civil cases. (G. S. 1935, 62-1414.) A motion for continuance on the ground of absence of evidence may be granted only on affidavit. (G. S. 1935, 60-2934.) No written motion for a continuance nor an affidavit in support thereof was filed in the instant case, and the witness whose testimony was deemed essential by defendant was present and testified. On motion for a new trial not the slightest showing was made concerning additional or stronger evidence which would or could have been offered on behalf of defendant in the event of a continuance. Counsel for defendant simply says that by reason of his agreement with the county attorney he made no preparation for trial. Nothing in the record discloses anything further counsel for defendant would or could have done in preparation for trial than that which he did do.

Counsel for defendant on motion for new trial also stated that sometime in April and before the trial on April 19, 1937, he had advised the county attorney his main witness would be present to testify, but that he had not yet received his fee from defendant, and therefore desired a continuance, and that the county attorney had agreed thereto. The record does not disclose counsel for defendant advised the trial court prior to trial of any of these facts nor is it contended the fact he had not received his fee, would constitute ground for a continuance. The record discloses the trial court was entirely fair with defendant. When the statement on motion for a new trial was made relative to the county attorney's agreement, the record discloses counsel for defendant was asked by the court whether he desired to have the county attorney (Mr. Eubanks) come in. In answer to this inquiry the record reads, "No response." In view of these facts the question is whether the record affirmatively discloses the trial court committed reversible error in refusing to grant a continuance. The answer must be in the negative. By legislative mandate we are compelled to give judgment without regard to exceptions which do not affect the substantial rights of the parties. (G. S. 1935, 62-1718.) It has not been made to appear defendant's substantial rights were affected in the slightest by the refusal to grant a continuance. It follows the first contention cannot be sustained.

What about the sufficiency of evidence to support the charge of possession? Defendant earnestly contends that according to the testimony of his witness, Miller, the whisky belonged to him (Miller) and that there was no direct evidence to contradict that testimony. In that analysis of the record defendant is correct. A court or jury, however, is not required to believe or accept as true the testimony of a witness or witnesses merely because there is no direct evidence to contradict the same. (*Peoples National Bank v. Diven,* 135 Kan. 400, 10 P. 2d 883; *Smith v. Lockridge,* 145 Kan. 395, 65 P. 2d 345.) The verdict indicates that perhaps the jury placed little, if any, credence in the testimony of the witness, Miller. The question, therefore, is whether other evidence, together with reasonable inferences which might be drawn therefrom, supports the charge of possession by defendant. On review it is only evidence which supports the verdict with which we are concerned. (*Smith v. Lockridge,* supra.) What was that evidence? Officers drove into defendant's yard and stopped between the main residence and a small, two-room building located

about thirty feet south of the main residence. In the record this two-room building was designated as a milkhouse. Defendant possessed no cows, and the milkhouse contained no milk. In the front room was located a table, a gasoline stove and two telephones. The rear room was furnished with a bed and dresser. The floor of the rear room was of cement construction and contained a drain. Several business men were at defendant's residence and came out of the milkhouse as the officers appeared. The officers heard some noise in the milkhouse and saw defendant grab something and run through the door into the south room. Defendant kicked the door shut. The officers pursued him, kicked the door down and found defendant breaking bottles of whisky, which he had in his arms. Defendant was stomping on the bottles as the whisky ran into the drain. He had six bottles of Log Cabin whisky. Four of the bottles were broken and the officers rescued the other two bottles. The officers observed the two telephones. They remained there about an hour and answered phone calls. There were six or more telephone calls during that short period. The parties called for defendant, not for Miller, and inquired whether they could get some liquor. One party ordered six pints of liquor.

Defendant was arrested on February 22, 1936. The witness Miller, on whose testimony defendant relies, was a persistent violator of the intoxicating-liquor law and testified in substance: he had worked for defendant about two months prior to defendant's arrest as a general handy man about the place; his duties consisted of cleaning the yard, washing windows and cutting weeds; defendant had a garden and that he and defendant did some hoeing and cutting of weeds; defendant had planted and was raising oats; the witness worked for defendant during the months of December, January and February; defendant has access to the milkhouse at any time and had installed the two telephones therein; he had observed defendant using the two phones; he received from defendant $1 per day for his services and used the milkhouse as his sleeping and living quarters and was living therein the day of the raid; he had purchased the six pints of whisky from a stranger by the name of Blackie for $4, and that defendant had no interest therein.

As stated, the jury was not obliged to believe any part of Miller's testimony. The court instructed the jury as to what constituted possession. There is no complaint concerning that or any other instruction. In support of defendant's contention that the evidence

failed to establish possession by defendant, we are referred to *State v. Metz,* 107 Kan. 593, 193 Pac. 177; *State v. Munson,* 111 Kan. 318, 206 Pac. 749; *State v. Bozick,* 122 Kan. 517, 253 Pac. 554; *State v. Van Winkle,* 125 Kan. 175, 263 Pac. 1042; *State v. Colson,* 134 Kan. 147, 4 P. 2d 414; *State v. Dunning,* 136 Kan. 5, 12 P. 2d 809; *Tripp v. United States Fire Ins. Co.,* 141 Kan. 897, 44 P. 2d 236, and we are especially directed to the definition of possession contained in the case of *State v. Metz,* supra, and approved in *State v. Dunning,* supra, where it was said:

" 'The elements of this possession are, first, the mental attitude of claimant, the intent to possess, to appropriate to oneself; and second, the effective realization of this attitude. . . . All the authorities agree that an intent to exclude others must coexist with the external facts, and must be fulfilled in the external physical facts, in order to constitute possession.' " (p. 6.)

It is entirely unnecessary to narrate the facts contained in cases relied upon by defendant or to cite additional decisions of this court on the subject of what constitutes possession. The evidence favorable to the state satisfies every element of possession as defined in cases cited by defendant. In other words, disbelieving the testimony of the witness, Miller, concerning his ownership, which the jury had a right to do, the remaining evidence, together with reasonable inferences to be drawn therefrom, was clearly sufficient to establish possession by defendant. Moreover, ownership of the liquor by Miller, if in fact true, would not necessarily be inconsistent with possession thereof by the defendant. In view of these facts we need not discuss an additional theory of whether defendant was a copossessor or whether he participated in the possession of the liquor, under either of which circumstances he would have violated the statute. (*State v. Wagoner,* 123 Kan. 591, 256 Pac. 957; *State v. Davis,* 133 Kan. 571, 300 Pac. 1114.)

The judgment is affirmed.