## Skidmore v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Powell Circuit Court.

1. Intoxicating Liquors—Manual Handling of Bottle Does Not Constitute "Unlawful Possession."—Manual act of handling bottle of intoxicating liquor while taking a drink does not of itself constitute unlawful possession, where one so holding does not claim ownership or control.

2. Intoxicating Liquors—Court Erred in Not Submitting Question whether Defendant Owned Bottle of Liquor Out of which he was Taking Drink.—In prosecution for unlawful possession of intoxicating liquor, where there was evidence that accused did not own

liquor, but was only taking a drink when apprehended by officers, court erred in not submitting question of ownership of liquor.

C. F. SPENCER for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant Skidmore was convicted in the Powell circuit court of the offense of having in possession intoxicating liquors not for sacramental, medicinal, scientific or mechanical purposes, and his punishment fixed at a fine of $200.00 and thirty days in the county jail. He appeals.

He and two other men were sitting in or near the public highway when the jailor and other peace officers drove up in an automobile and saw appellant with a jar containing whiskey in his hands, which he passed to another member of the party, who returned it to Skidmore, and which Skidmore again handed to the same party and the latter threw it over the fence, where the officers later found it.

It is appellant Skidmore's contention that he did not have the liquor in possession within the meaning and intent of our prohibition statutes, for he says it was not his whiskey but that of another member of the party with him, and that he only had it in his hands for the purpose of taking a drink; that he was in the act of taking a drink when the officers came up and that he handed the whiskey to another member of the party for the purpose of avoiding conviction for having it in his possession; that the owner of the whiskey was constructively in possession of it while appellant took the drink and that appellant was not in legal contemplation at any time in possession of the liquor.

Another member of the drinking party admitted he was the owner of the liquor and that appellant Skidmore had no interest therein. In fact all three members of the drinking party gave testimony to the effect that appellant Skidmore did not own the liquor but had it in his hands merely for the purpose of taking a drink as the guest of one of that party who did own the liquor.

Appellant also testified he took a drink of the liquor because he was sick, and this evidence was not disputed.

The court in instructing the jury did not submit the question of who owned the liquor, or what constituted possession within the meaning of the prohibition statutes, but was content to give the following:

"If the jury believe from the evidence, beyond a reasonable doubt, that in Powell county, and within one year before the warrant was issued, the defendant unlawfully had in possession any spirituous, vinous, malt or intoxicating liquor, not for medicinal, mechanical, scientific or sacramental purposes, they will find the defendant guilty, and fix his punishment at a fine of not less than one hundred dollars nor more than three hundred dollars, and imprisonment in jail for a period of not less than thirty days nor more than sixty days, in the discretion of the jury.

"Unless the defendant has been proven guilty beyond a reasonable doubt the jury will find him not guilty."

In the recent case of Sizemore v. Commonwealth, 202 Ky. 273, we held that the manual act of handling a bottle while taking a drink does not of itself constitute an unlawful possession within the meaning of the statute where the one so handling the bottle does not claim ownership or control, the court saying: "Possession being the having, holding or detention of property in one's own power or command; ownership, whether rightful or wrongful; actual; seizing or occupancy." In that case the appellant claimed to have found the bottle of whiskey and to have taken a drink therefrom and returned the remainder without assuming further control.

We held that he was not guilty of unlawful possession unless he exercised some further control or possession over it, and that the question of whether he did so exercise control and have possession should have been submitted to the jury for its determination, and that no trick or device resorted to by appellant, like planting a bottle and finding it himself, should be allowed to defeat the operation of the law. We conceive this to be the correct rule.

Judgment reversed for new trial consistent with this opinion.