Argued September 23, 1925, affirmed February 16, 1926.

## STATE *v.* ELMER WILLIAMS.

### (243 Pac. 563.)

**Intoxicating Liquors—Receiving Bottle to Drink is not Unlawful "Possession."**

1. Receiving bottle of intoxicating liquor for sole purpose of taking a drink, after which bottle was returned to owner, *held*, not "possession" of intoxicating liquor within meaning of Section 2224—4, Or. L.

**Criminal Law—Directed Verdict Proper, Where Stipulation of Facts Excludes All Inferences of Guilt.**

2. Where case, in prosecution for unlawful possession of intoxicating liquor, was submitted on agreed stipulation of facts under which no inference that defendant, accepting proffer of drink from another's bottle, had any control, dominion or ownership over liquor, was warranted, verdict of acquittal was properly directed.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.

Defendant was indicted for unlawfully having intoxicating liquor in his possession. The cause was submitted on the following stipulation:

"That the State is able to prove by competent evidence upon the trial of the above entitled action, and the defendant admits that on the 22nd day of October, 1924, in the County of Tillamook and State of Oregon, the defendant then and there being, did then and there at the invitation of a friend, the owner and possessor of a bottle of intoxicating liquor, received from this friend said bottle of liquor,

Intoxicating Liquors, 33 C. J., p. 585, n. 97, 98, p. 788, n. 75.

for the sole purpose of taking a drink therefrom, and immediately after taking the drink therefrom the said defendant immediately returned the said bottle to the friend, who handed the same to him for the purpose of taking a drink, and that the only possession, ownership, or control exercised over said bottle of intoxicating liquor by the defendant was the possession as above stated solely for the purpose of taking a drink of intoxicating liquor at the invitation of said friend; and for no other purpose; that the said defendant was not the owner of said bottle of liquor and had no interest therein other than as hereinbefore specified; that the evidence is undisputed that the defendant held the bottle of intoxicating liquor handed to him by his friend for the purpose of taking a drink in his hand only long enough for the purpose of taking such drink, which drink the defendant took.''

On motion of the defendant, the court directed a verdict of acquittal for the reason that the facts stipulated do not constitute the crime charged

The state, by virtue of Section 2224—59, Or. L., appeals,                               AFFIRMED.

For appellant there was a brief and oral argument by *Mr. C. W. Barrick.*

For respondent there was a brief over the name of *Messrs. Vinton & Tooze,* with an oral argument by *Mr. Walter L. Tooze, Jr.*

BELT, J.—Defendant was indicted under Section 2224—4, Or. L., which provides:

1. ''Except as hereinafter provided in this amendatory act, it shall be unlawful for any person to receive, import, possess, transport, deliver, manufacture, sell, give away, or barter any intoxicating liquor within this state. * * ''

Does the mere taking of a drink of intoxicating liquor, at the invitation of a friend, constitute unlawful possession of the same within the meaning of the statute? This precise question was decided adversely to the contention of the state in *State* v. *Jones,* 114 Wash. 144 (194 Pac. 585), wherein the court said:

"Moreover, since the state here stands upon a technical construction of the word 'possession,' we may say that possession, as the word is used in the statute, means something more than the mere taking in the hand for the purpose of immediately drinking the thing thus possessed upon the express invitation of the owner so to do. Appellant's counsel suggested the correct idea in his objection, and the court should at least have defined possession as including control of the thing possessed with the right to dispose of it in any manner the possessor saw fit. As we understand the laws of hospitality, when one is offered a glass of liquor, he has a right to accept and drink it, or refuse it, and his possession, if he accepts it, is not broader than the invitation upon which he acts."

In *State* v. *Munson,* 111 Kan. 318 (206 Pac. 749), the court said:

"In this instance, possession may not be attributed to the defendant, because an essential element of possession is lacking. The person having custody simply handed the liquor to the defendant to take a drink. The liquor was accepted for that purpose only. The quantity appropriated, if any, was consumed by the act of appropriation, and the remainder, if any, was not held under any continuing claim to exclusive use."

In *Brooks et al.* v. *Commonwealth,* 206 Ky. 720 (268 S. W. 339), the court stated:

"It has been announced in more than one opinion of this court that one who receives a bottle, and after taking a drink therefrom returns it to the person from whom it is received, cannot be declared guilty of having the unlawful possession of intoxicating liquor in the meaning of any provision of the prohibition enforcement law. For in such case the possession of the liquor is deemed to be in and continue with the person carrying and controlling it and offering the drink, and its momentary possession by another for the sole purpose of taking an offered drink is not a violation of the statute. *Skidmore* v. *Commonwealth,* 204 Ky. 451 (264 S. W. 1053); *Sizemore* v. *Commonwealth,* 202 Ky. 273 (259 S. W. 337.)"

The question at bar was answered in *Brazeale* v. *State,* 133 Miss. 171 (97 South. 525), from which we quote:

"When arrested, the appellant was in the act of taking a drink of whisky from a bottle. According to his version of the matter, the liquor was the property of another, who had just handed it to him, so that he might take a drink thereof.

"The court charged the jury, at the request of the state, to find the defendant guilty if they believed from the evidence beyond a reasonable doubt that he 'did willfully and unlawfully take into his hands and thereby have in his possession a bottle containing intoxicating liquor, commonly called "white lightning whisky," for the purpose of taking a drink thereof.'

"The question raised by this instruction, in the last analysis, is simply this: Is it a crime to take a drink of intoxicating liquor? The statute does not so provide, as could have been very easily done, had the Legislature so desired; its language being: 'It shall be unlawful for any person * * to have, control, or possess' intoxicating liquor. * *

117 Or.—16

"The possession contemplated by the statute is of a more substantial character than that which is for the purpose of and to the extent only that is necessary for taking a drink."

It is stated in *Graham* v. *State*, 150 Ga. 411 (104 S. E. 248):

"The act of taking whisky from the hand of another is merely incident to the act of drinking the whisky, and can in no proper sense be held to be within the inhibition of a criminal statute which declares that it shall be unlawful 'for any * * person or individual * * to have, control, or possess, in this State, any of said enumerated liquors or beverages."

The same conclusion was reached in *People* v. *Ninehouse*, 227 Mich. 480 (198 N. W. 973). In 33 C. J. 585, we find:

" 'To possess' means to have the actual control, care, and management of the liquor, and not a passing control, fleeting and shadowy in its nature."

*Lacount* v. *State*, 25 Ga. App. 767 (104 S. E. 920), is not contrary to the contention of the defendant, for there intoxicating liquor was found in the woods near the residence of the accused, and there was ample evidence that he was exercising control and dominion over it.

*State* v. *Cox*, 91 Or. 518 (179 Pac. 575), is authority only for the proposition that there must be a conscious possession. In that case Cox was employed as a porter for a hotel, and, in the course of his employment, it was his duty to meet incoming passenger trains for the purpose of taking care of and receiving baggage from guests. On the occasion of his arrest, he met the train and received a suitcase which contained whisky from one of the

porters thereon. It was his contention on trial that he did not know the contents of the suitcase, and this court held that such theory should have been submitted to the jury. However, there was evidence offered by the state that defendant knew and had informed others that the whisky was to arrive on the train in question and that it belonged to him. In other words, there was evidence tending to prove that Cox was exercising control, dominion and ownership over such intoxicating liquor. Such facts clearly distinguish that case from the one under consideration.

After diligent search, the only authority we have been able to find tending to support the contention of the state is *Ex parte State ex rel. etc. Harbin* v. *State,* 210 Ala. 55 (97 South. 426), which is based upon facts materially different from those in the instant case. It is, indeed, an isolated case and wholly at variance with the decided weight of authority.

2. If there were any fact or circumstance from which the jury could have drawn a reasonable inference that defendant was exercising some control, dominion or ownership over the intoxicating liquor, it would have been a question of fact for the determination of the jury; but as the matter was presented under the stipulation, such inference was not permissible, and it remained only for the court to declare the law applicable to the undisputed facts, which it did in directing a verdict of acquittal for the defendant.

The judgment of the lower court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.

BROWN, J., Concurring in the Result.—The stipulation is more inclusive than the charge contained in the indictment. The case comes here from a ruling made by the trial court involving the meaning of the term "possess" as used in the indictment and the prohibition law. All the opinion written by Mr. Justice BELT holds is that we adopt the definition of the term "possess" as defined in other jurisdictions having statutes similar to our own. Hence, I concur in the result.