## Flannery v. Commonwealth.

(Decided April 30, 1926.)

## Appeal from Carter Circuit Court.

1.  Intoxicating Liquors.—In prosecution for unlawfully possessing intoxicating liquors, ownership thereof is immaterial, since offense consists in unlawful possession, not ownership.
2.  Intoxicating Liquors.—Evidence held sufficient to sustain conviction of unlawfully and jointly possessing intoxicating liquor.
3.  Intoxicating Liquors—That Unlawful Possession of Intoxicating Liquor Jointly with Codefendants was Charged, and Only Separate Possession by Accused Proved. is Not Fatal Variance Between Indictment and Proof.—That unlawful possession of intoxicating liquor jointly with codefendants was charged, but only separate possession by accused was proved in his separate trial, is not a fatal variance between the indictment and proof, as accused was guilty if he alone unlawfully possessed it, and, if accused and his codefendants jointly and unlawfully possessed the intoxicating liquor, each was a principal, and could be convicted alone, though the others could be convicted on the same evidence.
4.  Criminal Law.—Objection to instruction which is more favorable to accused than he is entitled to cannot be sustained.

JOHN M. THEOBALD for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, Rufus Flannery, was convicted in the Carter circuit court on his trial under an indictment charging him with unlawfully and jointly with his co-defendants possessing intoxicating liquor, and his motion for a new trial being overruled, he prosecutes this appeal.

The only grounds argued for reversal are, (1), that the evidence of the Commonwealth was insufficient to sustain the conviction, and defendant's motion for a peremptory instruction should have prevailed, and (2), that if mistaken in argument (1), then the testimony showed only a separate possession by defendant and that the indictment charged a joint possession and there was, therefore, a fatal variance between the indictment and the proof.

Responding to argument (1) the Commonwealth proved by a deputy sheriff of Carter county that he saw

defendant, and those indicted jointly with him, near the railroad track in Carter county in a bunch of weeds, and that defendant had between his legs a half gallon fruit jar of moonshine liquor with the lid in his hand, and that his co-defendants were sitting near him, and that the reputation of each of defendants was bad. One of the joint defendants, Earl Waggoner, testified that he was one of the three found by the sheriff on the occasion mentioned, and that the whiskey that the crowd had as described by the deputy sheriff was procured by the defendant, and appellant, from a bunch of weeds nearby in which he or some other person had deposited it. Defendant and his son testified that neither of them had any interest in the whiskey and that it was procured by Earl Waggoner, the other defendant; and it is strongly argued that such evidence proved that Earl Waggoner owned the whiskey and that neither defendant nor his son had any interest therein; all of which is based upon the theory that *ownership* of the whiskey unlawfully possessed was a material fact, but which we have held in a number of cases was untrue, since the offense consists in the unlawful *possession* and not in ownership of the liquor. Without any such prior adjudications the truth of the proposition as stated is so manifest as not to require elaborate argument to sustain it.

It is also insisted in support of this argument that the evidence brings this case within the doctrine of that of Skidmore v. Commonwealth, 204 Ky. 451, wherein we held that the temporary possession for the purpose of taking a drink, with no pretended ownership or power of control, did not constitute such possession as was contemplated by the statute. It will be observed, however, that the evidence of the Commonwealth in this case was not so limited, and that if believed it justified the necessary finding of the jury that defendant either owned the whiskey or did have such control over it as to make his possession of it at the time come within the purview of the statute and, therefore, unlawful.

Argument (2) is equally without merit even if there was no evidence to contradict it. Defendants were all congregated together upon the occasion testified to by the deputy sheriff, and his testimony was sufficient to authorize a finding of a joint possession if that was necessary to sustain defendant's conviction. But, if only a separate possession by defendant alone was testified to, then the argument now under consideration could not

be sustained, since the error complained of is not an element of the offense for which the conviction was had. If defendant and those indicted with him, who were present on the occasion, jointly possessed the whiskey contrary to the terms of the statute, each of them was a principal and could be convicted for himself alone possessing the whiskey, although the others could likewise be convicted on the same evidence. The fact that a joint possession was charged and only a separate one was proven can not, therefore, be considered as a valid material variance between the allegations of the indictment and the proof, if indeed it would create any sort of variance under this character of prosecution.

For the same reason defendant's objection to the instruction of the court can not be sustained. In that instruction the court required the jury to believe a joint possession before it could convict defendant on this his separate trial, which was more favorable to him than he was entitled to; for, as we have seen, he was guilty if he alone possessed the whiskey, and the requirement that the other two defendants in the indictment should also have participated in that possession before he could be convicted of his unlawful separate possession inured to the benefit of defendant rather than to his prejudice.

Finding no error in the judgment, it is accordingly affirmed.