PEOPLE *v.* LESLIE.

1. INTOXICATING LIQUORS—POSSESSION.
   The possession acquired while taking a drink of liquor from a bottle is not a violation of the prohibition statute relative to possession.

2. SAME—DEFENDANT'S GUILT—QUESTION FOR JURY.
   Where, in a prosecution for unlawful possession of intoxicating liquors, there was testimony that the only

¹Intoxicating Liquors, 33 C. J. § 198; ²Id., 33 C. J. §§ 541, 542, 546.

possession defendant had was while he was taking a drink from a jug brought to his home by a guest, and that when the guests left they took with them all of the liquor that was left, the question of defendant's guilt, under the proofs, was for the jury, and the trial court was in error in instructing them that it was their duty, under the facts and the law, to find him guilty.

Exceptions before judgment from Oceana; Barton (Joseph), J. Submitted April 15, 1927. (Docket No. 146.) Decided June 6, 1927.

George Leslie was convicted of violating the liquor law. Reversed.

*F. E. Wetmore,* for appellant.

*William W. Potter,* Attorney General, and *Earl C. Pugsley,* Prosecuting Attorney, for the people.

SHARPE, C. J. Defendant reviews his conviction on a charge of unlawfully having intoxicating liquor in his possession on exceptions before sentence. Error is assigned upon the following instruction:

"Gentlemen of the jury, I instruct you that the law applied to the facts in this case, which are undisputed, shows the defendant to be guilty of the offense charged, namely the offense of having intoxicating liquors in his possession. It will be your duty to so find under the facts and the law. You may now retire to consider your verdict."

The prosecution offered proof tending to show that while a number of persons were assembled in the home of defendant he went out of the room, accompanied by his wife and one Dale Crown, and came back with a jug containing intoxicating liquor, from which some of those present drank, and that three small bottles were filled and sold by him to persons in the room.

That there was intoxicating liquor in defendant's home on the night in question is not disputed. The

defendant testified that the receptacle containing this liquor was taken by Crown from under the seat of his automobile, which stood near the back door of the house; that Crown and he drank from it; that Crown then took it into the house and placed it upon the table; that several others present drank from it; that Crown filled three small bottles, furnished him by defendant's wife, with the liquor and gave them to three of those present, and that these bottles and what was left in the receptacle were taken away by the men who were there when they left the house.

The possession acquired while taking a drink of liquor from a bottle is not a violation of the statute. *People* v. *Ninehouse,* 227 Mich. 480. We are impressed that a single incident, of the character testified to by the defendant, is not as a matter of law sufficient to sustain the charge. The only actual possession which defendant had of the receptable in which the liquor was contained was while taking a drink of it. While it was his duty as a good citizen to order Crown to remove the liquor from his house, we do not think what he permitted to be done justified the instruction given. The proof should have been submitted to the jury.

An order will be entered vacating the verdict and granting a new trial.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.