STATE OF MISSOURI, RESPONDENT, v. PECK LANE, APPELLANT.*

In the Springfield Court of Appeals.   August 13, 1927.

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, p. 585, n. 98.

*Von Mayes* for appellant.

*Orvel E. Hooker* for respondent.

BAILEY, J.—Defendant was convicted on a charge of possessing intoxicating liquor contrary to section 6588, Revised Statutes 1919, as amended by the Laws of Missouri 1921, page 414, section 6588, and his punishment was assessed at a fine of two hundred dollars ($200). Defendant has appealed from the judgment of conviction. The point before this court for review is in relation to the sufficiency of the evidence to sustain the judgment. The evidence is very brief on the part of the State, consisting only of the testimony of one witness, Monroe Winters, Constable of Pascola Township. His testimony was to the effect that on the 20th day of November, 1925, he arrived in Pascola at three o'clock in the afternoon and when

coming from the train saw defendant and another man standing by a Ford roadster in which were three men and a woman; that he saw defendant with a half pint bottle of "Moonshine whiskey" in his hand and, as he testified, "in the act of drinking;" that defendant had the bottle up to his head and that the witness "walked up to the car" and saw defendant reach back and come out with a half pint in his hand and that he ran to the defendant, but when he got there defendant handed the bottle to Ted Hodge, another man in the car, and the witness then grabbed the whiskey from his hands. He arrested defendant, the three men and the woman in the car and another man who at the time ran away. This witness also testified that the man who ran broke some bottles on the sidewalk. It further appears that Ted Hodge, who had the bottle in his hand when the Constable arrested him, pleaded guilty and paid a fine of two hundred dollars ($200) for possessing the liquor. The Constable also testified that Peck Lane had the bottle in his hand "just long enough to take a drink and hand it back;" and that Ted Hodge said the whiskey was his. The other four or five persons present at the time the officer seized the bottle of whiskey all testified that the whiskey did not belong to the defendant but that it belonged to Ted Hodge, who had pleaded guilty. Some evidence was offered by the State tending to impeach these witnesses. The bottle containing the liquor was offered in evidence and shown to be moonshine whiskey.

The court in its instruction to the jury defined "possession" as meaning "to have control of and dominion over." The term "possession" as used in the statute heretofore referred to has never been clearly defined by any decision of the appellate courts of this State in so far as our search has enabled us to discover. In State v. Lunfrunk, 279 S. W. 733, l. c. 735, the Kansas City Court of Appeals cites with approval a definition as follows: " 'To possess' means to have the actual control, care and management of the liquor, and not a passing control, fleeting and shadowy in its nature. Neither ownership nor actual physical possession is essential. And possession through a co-principal or through an innocent agent would come within the purview of such statutes." The same definition is adopted in State v. Compton et al., No. 4192, decided by this court at the present term but not yet officially reported. Both plaintiff and defendant cite the Lunfrunk case (supra) as upholding their respective versions of the meaning of the word "possessed." The Kansas City Court of Appeals, in the course of its opinion, uses this language: "All the defendants exercised dominion over the whiskey, each one of them drank from the jar." Whether or not the court intended by that language to hold that the mere fact each one drank from the jar was proof that they were in possession of the whiskey is not clear. However, in that particular case, there were other facts

indicating that all the defendants were equally in control and custody of the liquor.

Webster's International Dictionary gives the legal definition of possession as "One who has physical control of the thing and holds it for himself." All the definitions contained in recognized Law Dictionaries indicate that the element of custody and control is involved in the term "possession."

We have found no case either in this State or in any of our sister states which holds that a "fleeting and shadowy" possession, such as is experienced in the mere act of taking a drink from a bottle of whiskey, is such possession as is contemplated in the criminal statute relative to the possession of intoxicating liquor. In the case of Skidmore v. Commonwealth (Ky.), 264 S. W. 1053, the facts were in many respects identical with those in the case at bar. In that case the evidence showed that the defendant was seen taking a drink from a jar containing whiskey, which he passed to another member of the drinking party, who returned it to defendant, and then defendant again returned it to the same party and the latter threw it over a fence where the officers afterwards found it. Defendant denied it was his whiskey and another member of the party admitted he was the owner of the whiskey. Defendant in that case also admitted that he took a drink from the bottle, while in the case at bar defendant denied he ever had the bottle in his hand or took a drink therefrom and he is corroborated in this by all the other persons there present, except, of course, the officer. The Kentucky Court of Appeals, under the foregoing facts, held that the "manual act of handling a bottle while taking a drink does not of itself constitute an unlawful possession within the meaning of the statute where the one so holding the bottle does not claim ownership or control." The term possession as defined by the decisions of the Kentucky Court of Appeals in a prior case was quoted as follows: "Possession being the having, holding or detention of property in one's own power or command; ownership whether rightful or wrongful; actual seizing or occupancy." Similar rulings were had in Brooks v. Commonwealth (Ky.), 268 S. W. 339; Hitt v. Commonwealth, 131 Virginia 752, 109 S. E. 597; Anderson v. State (Miss.), 96 S. W. 163; Thomas v. State (Texas), 232 S. W. 826.

While defendant in the case at bar denied that he at any time had the bottle containing the whiskey in his hand and further denied that he owned or possessed the same or that he had taken a drink therefrom, we must accept as an established fact, under the evidence, that he did have the liquor in his hand and took a drink therefrom. According to the State's own evidence, however, this possession was "fleeting and shadowy." There is no evidence he had any control of the liquor or that he had been in control or in possession of the

liquor at any time prior thereto. This drinking party, composed of the occupants of the Ford roadster, had been driving over the town for a considerable time prior to the incident when defendant was observed taking a drink from the bottle. He had not been in their company, as the evidence shows, prior thereto.

It is quite clear to us from this record that the defendant was not in actual possession or control of the bottle of whiskey but that it belonged to another and that other person had pleaded guilty to the possession thereof. Under such circumstances we do not believe the evidence sufficient to support the conviction and the judgment should be reversed and the defendant discharged. It is so ordered.

*Cox, P. J.,* and *Bradley, J.,* concur.