PEOPLE v. BOYCE.

1. CRIMINAL LAW—COURT-APPOINTED COUNSEL—RECORD.
   Record in prosecution for breaking and entering a dwelling in the nighttime with intent to commit larceny therein *held*, to indicate defendant's rights were well protected so far as concerned services of attorney appointed by the court after showing defendant had no means to employ counsel (Act No. 328, § 110, Pub. Acts 1931).

2. SAME—CORPUS DELICTI—EVIDENCE—CONFESSIONS.
   Testimony of one of the police officers who had been sent with other officers to investigate report that a house had been broken into and who identified defendant as person seen leaving the house was a sufficient compliance with rule requiring proof of corpus delicti before receiving testimony of confessions (Act No. 328, § 110, Pub. Acts 1931).

3. SAME—VOLUNTARY NATURE OF CONFESSION—BURDEN OF PROOF.
   In a criminal case it is incumbent on the prosecution to prove that confessions of guilt were voluntary.

4. SAME—EVIDENCE OF VOLUNTARY NATURE OF CONFESSION.
   Evidence *held*, sufficient to permit court which, without a jury, tried defendant on charge of breaking and entering a dwelling house in the nighttime with intent to commit a larceny therein, to consider testimony of officers who arrested defendant as sufficient to establish the voluntary nature of his confession of guilt (Act No. 328, § 110, Pub. Acts 1931).

5. SAME—WAIVER OF JURY.
   Claim that waiver of jury trial was improperly advised by attorney for defendant in a criminal case appointed by the court *held*, not substantiated.

6. SAME—CONFESSIONS—OBJECTIONS BY COURT-APPOINTED ATTORNEY.
   Claim that defendant's attorney who had been appointed by the court had improperly failed to object to testimony of confessions of guilt *held*, without merit.

7. SAME—BREAKING AND ENTERING—INTENT—EVIDENCE.
   In prosecution for breaking and entering a dwelling house in the nighttime with intent to commit a larceny therein, claims that there was no proof of intent nor proof of breaking and entering *held*, not well founded under evidence presented (Act No. 328, § 110, Pub. Acts 1931).

8. SAME—BREAKING AND ENTERING—NONJURY CASE—EVIDENCE.
   Evidence supported trial judge's finding that defendant was guilty of breaking and entering a dwelling house in the nighttime with intent to commit a larceny therein in case tried without a jury (Act No. 328, § 110, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Scallen (John P.), J. Submitted April 11, 1946. (Docket No. 83, Calendar No. 43,098.) Decided June 3, 1946.

Leonard Boyce was convicted of breaking and entering a dwelling house in the nighttime with intent to commit larceny. Affirmed.

*Leonard Boyce, in pro. per.*

*John R. Dethmers*, Attorney General, *Edmund E. Shepherd*, Solicitor General, *Gerald K. O'Brien*, Prosecuting Attorney, and *Michael A. Guest*, Assistant Prosecuting Attorney, for the people.

REID, J. Defendant was convicted on trial before a judge of recorder's court without a jury on September 11, 1939, of the offense of breaking and

entering a dwelling in the nighttime with intent to commit larceny therein.* The offense was committed early in the morning of August 8, 1939. Defendant was sentenced September 21, 1939. Upon obtaining leave from this court, defendant appealed from his sentence.

Consideration of this appeal involves the following claims of the defendant:

1. That his attorney did not properly protect him and his interests on the trial;

2. That the attorney failed to object to the trial court's receiving in evidence the testimony as to confession before the establishment of the corpus delicti and before the proof of the voluntary nature of the confession.

After a showing that defendant had no means to employ counsel, attorney Donald A. Schindler was appointed by the court and he appeared and represented defendant during the trial, cross-examined people's witnesses and examined defendant, who was sworn as a witness on his own behalf. Defendant claims that his attorney failed to defend him with diligence, wrongly advised him to waive a jury trial, and failed to make proper objection to testimony by officers as to the confession by defendant. The record indicates that defendant's rights were well protected so far as the services of his attorney were concerned.

Defendant claimed on his trial that just prior to his arrest he was taken ill after drinking intoxicants and because of illness lay down at a place across the alley from the residence in question but only about the width of two lots away, that he was awakened and roughly handled by police officers who found him there, that he was kicked and beaten

* See Act No. 328, § 110, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–110, Stat. Ann, § 28.305).—REPORTER.

by the officers in their attempt to extort a confession, and that he confessed the burglary by reason of the duress and maltreatment of the officers, and that because of their treatment he was in a condition which required that he be taken to a hospital before being locked up.

James Ferguson testified that the house in question was his residence; that he left his house in July with the doors locked and windows closed, and that no person was authorized to enter the house; that on his return on August 9th he saw that some of his effects were gathered into a newspaper, the contents of dresser drawers were ransacked, and some packages had been changed around in the house.

Officer Belmer testified that on the morning of August 8, 1939, after receiving a report that the house in question had been broken into, he with five other officers went to the house, that he, Belmer, went to the unlocked front door, that he entered using a flashlight, and got inside the house in time to see a small man wearing a dark suit going out through the back window. The witness identified the defendant as the man he saw going out of the window. The witness further testified that a knife bearing the name of Mr. Ferguson was found among the personal effects taken from defendant.

Officer Trinity testified that he went with the other officers on the occasion in question and went to the rear door of the house while another officer went to the front door. This witness saw a man come off the back porch and go through the yard next door and come out of the alley, whereupon the witness called on him to halt, but the man fell down and "managed to get out" and fall between two houses and while witness tried to locate him, witness heard a noise nearby in the rear of 1921

Myrtle, at which place two of the officers took the defendant in custody. Officer Trinity further testified that after his arrest defendant confessed that he had been soliciting as a furniture repairman, went to the Ferguson house twice during the preceding day, found nobody home, returned in the evening and entered through the front window.

Officers Belmer, Trinity, and other officers, gave testimony of confessions by defendant of his guilt.

Defendant claims that the corpus delicti had not been proven when testimony as to his confession was received in evidence. The testimony of officer Belmer sufficiently established the corpus delicti and the identity of defendant as the guilty person. This was a compliance with the rule requiring proof of corpus delicti before testimony of confessions shall be received. See *People* v. *Curley*, 99 Mich. 238, and *People* v. *Trine*, 164 Mich. 1.

Defendant claims further that the testimony of confessions should have been stricken out because the confessions were obtained by coercion. We find no reversible error in that particular. Officers Belmer, Trinity, Briggs and Jenkins, all testified that there was no coercion or maltreatment of defendant at the time defendant claims he was coerced into making a confession, and the trial court so found.

Defendant testified that when the officers came where he was lying, they kicked him and told him to get up, and when he denied the burglary, one of them kicked him "in the face 4 or 5 times with his fist" and another officer walked up and kicked him again. The officers testified that defendant fell while getting over a fence. Defendant was taken to a hospital. No testimony of any doctor or person at the hospital was produced to show the nature of defendant's condition or wounds. It was incum-

bent on the prosecution to prove that the confessions were voluntary. The court correctly considered the testimony of the officers sufficient to establish the voluntary nature of the confessions.

Defendant had only one shoe on when the officers took him and a single shoe was found on the premises adjoining the Ferguson house which defendant said was his shoe.

Defendant shows no reason for a conclusion that the waiver of a jury trial was improperly advised.

Defendant has no just cause for complaint against his attorney for not objecting to the testimony of confessions of guilt.

In view of what is heretofore recited in this opinion, it is very clear that defendant's further claims that there was no proof of intent nor proof of breaking and entering were not well founded.

There was testimony from which the trial judge could find defendant guilty beyond a reasonable doubt.

We find no reversible error. The sentence appealed from is affirmed.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.