## PEOPLE *v*. MORROW

1. LARCENY — INTENT — INFERENCE — UNLAWFUL ENTERPRISE — DEFENDANT'S PARTICIPATION — CRIMINAL LAW — EVIDENCE.

> An inference of larcenous intent may be drawn if the prosecution shows that defendant was a participant in an unlawful enterprise but such an inference cannot be drawn where there is nothing to suggest that defendant participated in a common plan to commit larceny (MCLA § 750.110).

2. LARCENY—INTENT—INFERENCE—EVIDENCE—SUFFICIENCY.

> Evidence that a police officer observed a torn window screen on a certain motel room, that he saw defendant and other youths in the room through the window although the motel register listed it as unoccupied, that no one was in that room when the officer entered, that defendant was arrested immediately thereafter while running from the motel, but that none of the room contents was found on defendant's person although a television set was missing from the room was insufficient to warrant a finding beyond a reasonable doubt that defendant entertained the requisite larcenous intent, since the evidence at best supported an inference that someone had committed a breaking and entering with intent to commit larceny (MCLA § 750.110).

3. CRIMINAL LAW—ELEMENTS OF CRIME—EVIDENCE—BURDEN OF PROOF—QUANTUM OF PROOF.

> The prosecution must prove every element of the crime charged beyond a reasonable doubt and such evidence must negate every reasonable theory consistent with defendant's innocence.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 32 Am Jur, Larceny § 36 *et seq.*
[3] 30 Am Jur 2d, Evidence § 1170 *et seq.*

4. Larceny—Criminal Law—Breaking and Entering—Evidence— Intent.

No inference of intent to commit larceny could be drawn where defendant denied having been in a certain motel room from which a television set was missing and testified that, when apprehended while running from the motel, he had been visiting with a friend who resided in another motel room, since an inference of intent to commit larceny is permissible only when an accused is found alone at the scene of the crime and his presence there is unexplained (MCLA § 750.110).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 January 6, 1970, at Detroit. (Docket No. 6,896.) Decided February 5, 1970.

Verjel Morrow was convicted of breaking and entering a building with the intent to commit larceny. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Quinn, JJ.

J. H. Gillis, J. Defendant was convicted in a non-jury trial of breaking and entering a building with intent to commit larceny therein. MCLA § 750.110 (Stat Ann 1969 Cum Supp § 28.305). The only issue presented is whether the evidence was sufficient as a matter of law to support the trial court's finding of larcenous intent beyond a reasonable doubt.

The building involved was a motel. Its desk clerk testified that, according to the motel's register, on the evening of the alleged offense room 110 was unoccupied by guests. The testimony of a police officer, Joseph Hudy, however, placed defendant and six other youths in room 110, the scene of crime, on the same evening at approximately 11:15 p.m. Officer Hudy testified that, while on patrol, he noticed that a screen covering a window of room 110 had been torn. After stopping to investigate, Officer Hudy observed defendant and the other youths in room 110 through the same window. When observed, the youths were apparently milling about the room, drinking hot chocolate. The officer then entered the room, but he found no one present. Immediately thereafter defendant was apprehended in front of the motel by a second police officer, Officer Hudy's partner. According to the arresting officer's testimony, defendant, when apprehended, was running from the motel. Nothing was found on his person, however, that had been taken from the room.

Further evidence established that a television set was in room 110 shortly before Officer Hudy entered. None was found, however, after the officer entered the room. The defendant testified on his own behalf. He denied being in room 110. It was defendant's testimony that, when apprehended, he was returning from a visit with a friend who resided in room 204.

In rendering its verdict, the trial court noted:

"I am satisfied he was in that room and that he had no authority to be in there and the television set is missing. You don't have to show who took it, *if he is in there participating in any way, in the removal of any property,* whether they even got it out of there or not. It wouldn't matter if, whether he took it out or somebody else did, even if he stood in

the window or even if he stood outside and watched for the police, it wouldn't make any difference *if he was participating in any way."* (Emphasis supplied.)

We agree that *if* the people had shown that defendant was a participant in an unlawful enterprise, an inference of larcenous intent might then have been drawn. No such showing appears on the record before us, however. Nothing suggests the existence of any common plan to commit larceny. Nor can it fairly be said that the evidence warrants a finding beyond a reasonable doubt that defendant entertained the requisite criminal intent. At best the evidence supports an inference that someone committed the offense charged. More is required. See *People* v. *Barron* (1968), 381 Mich 421. The prosecution failed to meet its burden of proving every element of the crime charged beyond a reasonable doubt. *People* v. *Gadson* (1957), 348 Mich 307. We find no evidence in the record which supports a conclusion that negates every reasonable theory consistent with defendant's innocence of the crime charged. *People* v. *Johnson* (1966), 4 Mich App 205.

We have reviewed *People* v. *Curley* (1894), 99 Mich 238, *People* v. *Boyce* (1946), 314 Mich 608, and *People* v. *Lambo* (1967), 8 Mich App 320, cases which arguably support defendant's conviction as charged. In each, however, the accused, unlike defendant here, was alone when discovered at the scene of the crime. Thus an inference of intent to commit larceny could be drawn from the mere unexplained presence of the accused at the scene. See *People* v. *Lambo, supra,* at p 324. No such inference is permissible here.

Reversed without new trial.

All concurred.