PEOPLE v. VALOT

Opinion of the Court

1. Criminal Law—Narcotics—Marijuana—Possession—Control
—Statutes.
Possession of marijuana and control of marijuana are separate
offenses (MCLA § 335.153).

2. Searches and Seizures—Incident to Arrest—Probable Cause—
Plain View—Marijuana.
Police had probable cause to enter a motel room to make an
arrest where the room was registered in the name of one who
had escaped from the Detroit House of Correction, which
was recognized by a policeman, an auto identified on the motel
registration card was parked in the motel parking lot, a man
answering the escaper's description had been seen entering
the room, and police were unable to determine whether he
had left the room; therefore marijuana in plain view in
the room could lawfully be seized.

3. Criminal Law—Control—Question of Fact.
A court could reasonably infer defendant's control of marijuana
found in a motel room where defendant had registered for the
room, paid the first night's rent and offered to reimburse an-
other occupant for the second night's rent, knew that one of
the other persons in the room carried and used marijuana,
was found asleep in the room with other persons with a strong
odor of marijuana in the room, and there were several mari-
juana cigarettes and butts and a brass water pipe and de-
fendant's record player in the room.

---

References for Points in Headnotes
[1, 4, 6] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 40.
[2] 47 Am Jur, Searches and Seizures §§ 19, 52, 54.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45, 47.
[5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 45.
    29 Am Jur 2d, Evidence § 148.
[7] 29 Am Jur 2d, Evidence §§ 10–12, 278.
[8] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 40, 44, 45.

4. Criminal Law—Narcotics—Marijuana—Control—Defendant's
Presence.

*A person commits no crime by being in control of a room where
marijuana is found.*

5. Criminal Law—Evidence—Circumstantial Evidence—Burden
of Proof.

*The prosecution, in a case based on circumstantial evidence, has
the burden of proving that there is no innocent theory possible
which will, without violation of reason, accord with the facts.*

6. Criminal Law—Narcotics—Marijuana—Control.

*A defendant in control of a motel room who knew that others
in the room had been or were using marijuana was not under
an obligation to control the users.*

7. Criminal Law—Evidence—Inferences—Reasonableness.

*An inference, to be reasonable in a criminal case, requires that
each of the facts from which the inference is drawn be proved
beyond a reasonable doubt and the inference itself must be
such as admits no other rational conclusion.*

8. Criminal Law—Narcotics—Marijuana—Control—Inferences.

*An inference that defendant was in control of marijuana, drawn
from defendant's control of a motel room and his knowledge
that others in the room possessed or were using marijuana,
is unreasonable (MCLA § 335.153).*

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 May 13, 1970, at Detroit. (Docket No. 8038.) Decided April 26, 1971.

Harold Eugene Valot, Jr., was convicted of the control of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Robert E. Child,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHURCHILL,* JJ.

CHURCHILL, J. Defendant, Harold Valot, was charged with having had possession and control of marijuana contrary to the provisions of MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). He was convicted by nonjury trial. The judgment of sentence refers to possession of marijuana. The trial judge's recited findings at the conclusion of the trial make it clear that the conviction was based on findings of control. Possession and control are separate offenses under the statute. *People* v. *Harper* (1962), 365 Mich 494.

Defendant asserts on appeal that the evidence was obtained by a search and seizure in violation of his constitutional rights,[1] and further that there was no evidence of his possession or control of the drug to support the conviction.

Defendant's objection to the introduction of seized drugs at the preliminary examination was overruled. After he was bound over to circuit court for trial, his timely motion to suppress the same evidence was denied. No separate testimonial hearing was requested or held, and we surmise that the motion was based on and considered on the preliminary examination transcript.

Three Redford Township policemen went to a motel in their township in response to a call from a motel employee. Upon answering they learned from the motel manager that he was concerned about the continued use of one of the motel rooms by a number of "hippie-type people". The room had been rented about three days before. The rent was paid until noon of that day. The police were called and arrived in the early afternoon.

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] US Const, Am 5; Const 1963, art 1, § 11.

The officers examined the registration card and learned that the motel room was registered in the name of Harold Valot. One officer recognized the name as the name of an escapee from the Detroit House of Correction. They learned that an auto, identified on the registration card, was parked in the motel parking lot. They learned that a man answering Valot's description had been seen entering the room. They were unable to learn if he had left the room. The police were informed that efforts to contact the room by motel employees by telephone were unsuccessful.

The policemen went to the room with the motel manager. The manager knocked on the door. There was no response. The manager opened the door with a key. The manager and the policemen walked in and observed five persons in the room, all apparently asleep on or in beds. One of the officers recognized the defendant by description and the officers observed marijuana about the room. Defendant was arrested. The marijuana was seized.

(The version of the facts, thus far stated, is from the evidence received at the preliminary examination, and our decision on search and seizure issues is not based on trial evidence. *People* v. *Johnnie Mae Jones* [1968], 12 Mich App 369. At the trial the testimony reflected substantially the same chain of events leading up to the entry into the room by police and, in addition thereto, testimony significant to the second issue, which we summarize as follows.)

Defendant personally registered for the room on September 27, 1968, three days before the arrest, and paid one day's room rent. A girl paid rent on the day before the arrest. Defendant testified that he rented the room for two other persons, and that he had been sleeping there since about 7 a.m. or

8 a.m. on the day of the arrest. He said that he knew that Paul Silver carried and used marijuana and that he, Valot, previously chased Silver out, but that Silver was there when he was aroused by the police. He said that he was unaware of the presence of marijuana in the room until that time.

The room, upon police entry, was in complete disarray. There was a strong odor of marijuana in the room. There were four hand rolled marijuana cigarettes and a brass water pipe of a type used for smoking marijuana on tables, including one on a table next to the bed occupied by defendant and another. Later examination disclosed traces of marijuana on the pipe. Two marijuana cigarette butts were in the room, one of them being on the floor beside defendant's bed. Defendant's record player was in the room.

We find no merit in the defendant's constitutional argument. The police had good reason to anticipate finding the defendant, an escapee, in the room. They entered to make a lawful arrest[2] and seized contraband in plain view as an incident thereto.

The legislature used the words "possession" and "control" in the narcotics statute in their commonly understood sense, and not in a restricted, technical sense. *People* v. *Harper, supra.* The trial judge conceded the possibility that someone, unbeknownst to defendant, brought the marijuana into the room, but nevertheless did not have a reasonable or fair doubt as to defendant's control thereof. It was a fact question. There was strong circumstantial evidence to support the court's findings. Defendant's control of the marijuana in the room was a fact

---

[2] It may be asserted that there was no announcement as required by statute. MCLA § 764.21 (Stat Ann 1954 Rev § 28.880). It does not appear that entry was in violation of defendant's constitutional rights.

reasonably inferred from the evidence. *People* v. *Eaves* (1966), 4 Mich App 457.

Upon timely motion of either party, or on its own initiative, the trial court may correct the judgment to disclose that defendant was convicted of control rather than possession of marijuana. GCR 1963, 528.1. His conviction is affirmed.

R. B. BURNS, P. J., concurred.

LEVIN, J. (*dissenting*). I dissent because it is not a crime to be in control of a room where marijuana is found and because the people failed to prove that the defendant, Harold Eugene Valot, Jr., was in possession or control of marijuana.

Time and again the courts of this and other states have ruled that where the people's case is based on circumstantial evidence the prosecution has the burden of proving "that there is no innocent theory possible which will, without violation of reason, accord with the facts". *People* v. *Millard* (1884), 53 Mich 63, 70; *People* v. *Spann* (1966), 3 Mich App 444, 454; *People* v. *Morrow* (1970), 21 Mich App 603, 606.[1] In this case the people failed to negate

---

[1] 30 Am Jur 2d, Evidence, § 1125, pp 292–296.

This rule applies where the evidence is circumstantial and, deciding all issues of credibility in favor of the people, there is a hypothesis consistent with innocence which has not been contradicted with evidence and which the court in its judgment regards as reasonable.

The court may not properly take the case from the jury where the hypothesis consistent with innocence depends on an evaluation of the defendant's conduct (*e.g.*, where the issue is criminal negligence or where it depends on the defendant's intent); nor are the people under a duty *as part of their affirmative case* to exclude with evidence hypotheses which the defendant must establish with evidence (*e.g.*, the defenses of mistake or self-defense, or circumstances of mitigation) even though the people have the ultimate *burden of proof* on all issues in the case.

Since the question of the reasonableness of the hypothesis claimed to be consistent with the defendant's innocence is a question of law, the jury should not be instructed about this rule of law. Once the court is satisfied that the people have negatived with evidence all

every reasonable theory consistent with Valot's innocence of the crime charged.

When the police entered the motel room they observed five persons all apparently asleep.[2] There were four marijuana cigarettes on a desk. There

---

reasonable hypotheses consistent with innocence, the jury need be told in this regard only that, after resolving issues of credibility, it may draw such inferences from the evidence as appear to it to be reasonable beyond a reasonable doubt.

In deciding whether a hypothesis consistent with innocence is reasonable, the court does not apply the standard of the least reasonable of all reasonable men. To do so would be incompatible with the "beyond-a-reasonable-doubt" standard applicable in criminal cases. Manifestly, the judgment of the least reasonable of all reasonable men could not be a judgment beyond a reasonable doubt. In deciding whether all reasonable hypotheses consistent with innocence have been excluded, the court must attempt to take the view of the matter which the court believes most reasonable men would reach.

When a court says that the people have excluded all reasonable hypotheses consistent with innocence, it has, in practical effect, imposed on the accused person the burden of meeting the people's case with evidence. Thus, the question is likely to become: "When should the burden of going forward with the evidence shift to the defendant?" By their holding in this case the majority in effect relieve the people of the burden of proving who in the room was in possession or control of the marijuana that was in the room and cast upon the defendant the burden of proving that he was not in possession or control of the marijuana.

It is one thing to impose on a defendant the burden of coming forward with evidence to establish a defense, *e.g.*, mistake, self-defense, circumstances of mitigation. It is quite another to relieve the people of proving which of two or more possibly guilty persons is the offender.

Whether it is ever proper to relieve the people of that burden need not now be considered; if it is ever proper, it should only be where the illegal conduct sought to be suppressed represents an overwhelming threat to the safety of the community. The enforcement of the laws prohibiting the possession and control of marijuana is not of sufficient importance to justify imposing on accused persons who find themselves in the presence of others who use or display marijuana the burden of proving their innocence.

[2] The motel manager and the arresting officers testified that the manager knocked on the door and there was no response and that the manager opened the door with a passkey and they entered. The no-announcement question was not raised at the trial level or before us; it has not been briefed or argued. Although the failure of an arresting officer to announce his purpose before entering may not be an invasion of a constitutional right (*Ker* v. *California* [1963], 374 US 23, 46 [83 S Ct 1623, 10 L Ed 2d 726]), it is, however, as the majority point out in fn 2 of their opinion, a statutorily-protected right. MCLA § 764.21 (Stat Ann 1954 Rev § 28.880).

was also a water pipe, with marijuana residue in the pipe near where Valot and his girl friend were sleeping. Next to the water pipe was a marijuana cigarette butt. On another bed a man was sleeping and near him on the floor was another marijuana cigarette butt. Sprawled on the floor somewhere was another man and another woman. Valot had paid the rent for the room for one day. His girl friend paid the rent for the second day; he offered to reimburse her but she refused. The rent for the third day had not been paid.

The trial judge found that Valot was in control of the room and was aware at least of the fact that others in the room had marijuana. Those inferences and findings are reasonably supported by the evidence. From the fact that Valot had paid the rent for the first day, had offered to pay for the second day and, by his own testimony, had kicked someone out of the room, it is reasonable to conclude that he was in control of the room. In the light of the manager's testimony that shortly before his arrest Valot was awake,[3] it is reasonable to conclude that he was aware that marijuana was being used or, at least, that it had been used in the room.

One or more of the persons in the room possessed or controlled the marijuana that was in it. There was, however, no evidence as to who brought the marijuana into the room or who used it. The people did not prove by direct or circumstantial evidence that Valot, rather than another person or persons in the room, was himself in actual possession of the marijuana found in the room. There was no evidence, direct or circumstantial, that Valot ever used marijuana or did so on this occasion. The trier of

[3] The manager of the motel testified that Valot went out on the balcony sometime between 12 noon and 3 p.m. The arrest was made at 4 p.m.

fact's disbelief of Valot's testimony does not support a conclusion that the opposite of his testimony is true in the absence of independent evidence affirmatively supporting that conclusion.[4]

If Valot did not bring the marijuana into the room or smoke it—and, again, there was no evidence that he had—then someone else did. It is not reasonable to infer from Valot's *control of the room* and his knowledge that others in the room possessed or were using marijuana, and I quote from the majority opinion, that Valot, rather than one or another of the other persons in the room, was in "control of the marijuana in the room".[5]

In *People* v. *Burrel* (1931), 253 Mich 321, the Supreme Court of Michigan held that the owner-driver of an automobile could not be convicted of statutory rape on evidence that he chauffeured his automobile while one of his boy friends had sexual intercourse with an under-age girl. Since the people had not shown that Burrel had knowledge that the offense was to be committed he could not be convicted as an accessory merely because he was aware of what was happening when the offense was being committed. Just as Burrel, although the owner of the automobile, and aware of what his boy friend was doing, was not under an obligation to control him, so Valot, although in control of the motel room and, no doubt, aware that marijuana was or had been used, was not under an obligation to control the users.

In *Delgado* v. *United States* (CA 9, 1964), 327 F2d 641, 642, the defendants were living together

---

[4] *People* v. *Matthews* (1969), 17 Mich App 48, 53, 54, fn 5.

[5] The majority write: "Defendant's control of the marijuana in the room was a fact reasonably inferred from the evidence * * * the trial court may correct the judgment to disclose that defendant was convicted of control rather than possession of marijuana."

as husband (Rodriguez) and wife (Delgado) with their two children. Seven marijuana cigarettes and loose marijuana were found in a drawer of the night stand in their bedroom. In reversing their convictions of receiving and concealing marijuana, the United States Court of Appeals for the Ninth Circuit declared:

"It is fundamental to our system of criminal law that guilt is individual. Here, that means that there must be sufficient evidence to support a finding, as to each defendant, that he or she had possession of the marijuana. Possession can be joint as well as several, 'constructive' as well as 'actual'. It must also be knowing. But here it is pure speculation as to whether Rodriguez alone, or Delgado alone, or both of them, had possession. No doubt one of them did; perhaps both did. But proof that does not give a rational basis for resolving the doubts necessarily present in the situation pictured to the jury in this case is not sufficient."[6]

In *People* v. *Foster* (1953), 115 Cal App 2d 866 (253 P2d 50), a California appellate court reversed convictions of possession of narcotics because the people had failed to prove which defendant was in possession. The defendants were riding in the front seat of an automobile. When a police cruiser flashed its red light, one of the defendants threw narcotics paraphernalia and a small quantity of heroin out the window. It was, said the Court, "perfectly clear that one, if not more, of the defendants was guilty of the possession of the heroin", but the people had failed to prove which of the defendants was guilty.

During the liquor prohibition era the rule became firmly established that a person could not be con-

---

[6] See *Markman* v. *State* (Fla App, 1968), 210 So 2d 486; *People* v. *Jackson* (1961), 23 Ill 2d 360 (178 NE2d 320); *Colbaugh* v. *United States* (CA8, 1926), 15 F2d 929.

victed of possession of intoxicating liquor on evidence that he took a drink.[7]  *People* v. *Ninehouse* (1924), 227 Mich 480.  In a subsequent case the Court declared:

"Felonious possession of intoxicating liquor involves more than mere knowledge that the owner and driver of an automobile in which one is riding by invitation has liquor in the car.  It necessarily contemplates some degree of physical dominion or right of control.  It need not be the control incident to ownership, but it must be more than knowledge that another possesses intoxicating liquors."  *People* v. *Germaine* (1926), 234 Mich 623, 627.

In *People* v. *Leslie* (1927), 239 Mich 334, the people's evidence tended to show that Leslie and an individual named Crown entered Leslie's house with a jug of intoxicating liquor and that Leslie and other persons drank the liquor.  The Supreme Court reversed Leslie's conviction of possession of intoxicating liquors, saying: "The only actual possession which defendant had of the receptacle in which the liquor was contained was while taking a drink of it.  While it was his duty as a good citizen to order Crown to remove the liquor from his house", the people were not entitled to a peremptory instruction on account of his failure to have done so.

Of course, it is entirely true that the marijuana could have been in the joint possession or joint con-

---

[7] It has been held that the "carrying of a bottle of whiskey owned and controlled by another from one room into another room, for the purpose alone of taking a drink, is not a violation of [a] statute" which prohibited "having, controlling, or possessing intoxicating liquor".  *Ricks* v. *State* (1927), 146 Miss 659 (111 So 752).  That receiving a bottle of intoxicating liquor for the sole purpose of taking a drink is neither possession nor control of intoxicating liquor, see, also, the following cases where the Court defined possession as requiring control: *State* v. *Williams* (1926), 117 Or 238 (243 P 563); *State* v. *Lane* (1927), 221 Mo App 148 (297 SW 708); *Skidmore* v. *Commonwealth* (1924), 204 Ky 451 (264 SW 1053).

trol of all those who were in the motel room. But, unless the trier of fact has the discretion to convict any one who was in the room essentially of the crime of being in a room where marijuana is in use, knowing that it is in use, then there must be some independent evidence of the joint enterprise—evidence in addition to the evidence that the persons charged were all present in the room when the marijuana was used.[8]

The rented motel room bore the earmarks of a crash pad. The ebb and flow of humanity in and out of the room indicates a somewhat unconventional living style. Conventional notions as to control and possession are simply inapplicable to crash-pad communal life. I think we should know a great deal more about such societal patterns than we do before we declare our satisfaction that it is reasonable to infer that whoever happens to have paid the rent for a motel room occupied by a number of persons is in control or possession of marijuana or other property belonging to the persons moving in and out of the room.

But, even if we apply conventional notions of control and possession, Valot's conviction should not be affirmed.

The trial judge inferred that Valot was in control of marijuana possessed by other persons in the room from the facts that Valot was in control of the room and he knew that they were using marijuana. The issue which separates my colleagues and me, reduced to its essence, is whether that is a reasonable inference. It has been said that in a criminal case "not

---

[8] Parenthetically, there was no evidence that Valot was present when the marijuana was used.

While there is evidence placing him in the room a few hours before his arrest at 4 o'clock p.m. (see fn 3), there was no evidence of how long he had been in the room or when the marijuana was smoked.

only must each of the facts from which the inference is drawn be proved beyond a reasonable doubt, but the inference itself must be such as admits of no other rational conclusion". *People* v. *Sessions* (1886), 58 Mich 594, 606 (*per* SHERWOOD, J.). Accord: *Miller* v. *State* (Ind, 1968), 236 NE2d 173: "An inference, to be valid, must be logical [citation omitted]. It must follow as an impelling certainty from the circumstantial evidence which mothers it, or it is not proper."

Allowing a trier of fact to draw an inference in a criminal case only if the inference follows with "impelling certainty" enforces the requirement, alluded to at the outset of this opinion, that, where the people's case is based on circumstantial evidence, the prosecution must negate every reasonable theory (*i.e.*, every reasonable inference) consistent with the defendant's innocence of the crime charged.

Plainly, the prosecution failed in this case to negate the reasonable inference that persons in the room other than Valot were in control of the marijuana in the room. Plainly, to infer from the fact that a person is in control of a room that he is in control of marijuana in the possession of other persons in the room is not a reasonable inference. It is not a reasonable inference beyond a reasonable doubt. It is not even more probable than not (the probable-cause standard) that Valot was in control of marijuana possessed by others in the room.

I recognize that leaving the matter at large so that prosecutors can charge whomever they wish and judges and juries can convict those who seem culpable without differentiable proof facilitates law enforcement.

The legislature may, if it wishes, amend the statute to make presence in a room where marijuana is

in use a crime.[9]  In the meantime, enforcement of
the law prohibiting possession and control of mar-
ijuana is not, in my opinion, of sufficient overriding
public importance to justify departure from funda-
mental principles long established.

The legislature made possession and control of
marijuana a crime.  It is not a crime for one in pos-
session or control of a motel room to invite or allow
hippy types in the room or to fail to evict guests
smoking marijuana.  The legislature has not yet
made a citizen responsible for the indulgence of
others in his presence.

---

[9] The Massachusetts legislature has so enacted.  See 3A Annotated
Laws of Massachusetts, 1970 Cum Supp, C 94, § 213A, which provides:
"Whoever is present at a place where he knows a narcotic drug
is illegally kept or deposited, or whoever is in the company of a
person, knowing that said person is illegally in possession of a nar-
cotic drug, or whoever conspires with another person to violate the
narcotic drugs law, may be arrested without a warrant by an officer
or inspector whose duty it is to enforce the narcotic drugs law,
and may be punished by imprisonment in the state prison for not
more than five years, or by imprisonment in a jail or house of cor-
rection for not more than two years or by a fine of not less than
five hundred dollars nor more than five thousand dollars."